JONES, F.K.A. VEIT, *v.* VEIT ET AL.

(No. 81 CIV 0360—Decided March 11, 1982.)

Court of Common Pleas of Lake County.

*Mrs. Lorry R. Bleiweiss,* for plaintiff Johnnie Jones.

*Mr. Donald A. Richer,* for defendants Thomas J. Veit, Jr., and Trudy M. Veit.

*Mr. Richard L. McNellie,* for defendant Buffalo Savings Bank.

MITROVICH, J. The within cause was called for trial, and by agreement of the parties, trial was waived and submitted upon stipulations of fact and briefs.

This is a foreclosure action by the plaintiff upon realty held by the entireties by defendants, Thomas J. Veit, Jr., and Trudy M. Veit, upon two judgments obtained by the plaintiff against the defendant, Thomas J. Veit, Jr. The first judg-ment was obtained in the Summit County Court of Common Pleas by the plaintiff against the defendant, Thomas J. Veit, Jr., in the amount of $785, plus interest at six percent from February 5, 1979, and said judgment was transferred to the Lake County Court of Common Pleas. The second judgment was obtained March 18, 1981, and was transferred in the same manner in the amount of $916.94, plus costs.

Apparently there are no disputes re-garding any of the mortgage holders or their priorities. The defendants do, however, contest the right of the plaintiff to foreclose upon the real property of the defendants though the defendants do not deny the judgments are valid.

The defendants contend that the deed to the subject property reflects ownership through an estate by the entireties. The defendants further argue that their in-terests cannot be attached or divided for the benefit of the creditors, nor can a creditor of one spouse cause a foreclosure or division of the interest of the debtor-spouse. The defendants in support of their position cite the so-called majority rule, which includes the states of Delaware, Florida, Indiana, Maryland, Missouri, Pennsylvania, Rhode Island, Vermont, Virginia, Wyoming, Hawaii and others, and which holds in varying degrees the in-ability of creditors to reach the interest of a debtor-spouse.

The issue is one of first impression in Ohio, there being no cases directly in point. The cases that do exist recognize (prior to February 9, 1972) that no com-mon-law right of estate by the entireties did exist in Ohio. R.C. 5302.17 creates such an estate after February 9, 1972, but it is implicit in the statute that the rights, when exercised, are rights created as be-tween the parties. The statute does not create any rights or limitation of rights of third persons by the voluntary election of

the husband and wife to create a contract between them.

Ohio has long recognized that the husband and wife can create between themselves contractual obligations regarding survivorship. See *In re Estate of Hutchison* (1929), 120 Ohio St. 542. R.C. 5302.17 was adopted merely to provide a means to avoid costs and delay probate.

The defendants argue that the foreign jurisdictions have found that the estate by the entireties cuts off rights of creditors for purposes of maintaining the public policy of unity of the family. Such legal reasoning is strained and contorted and allows a debtor, for the price of a deed and filing costs, to put his assets beyond the reach of the creditors. This could not have been the intent of the Ohio Legislature to create a device whereby just debts could be denied.

The methods of placing assets beyond the reach of creditors are common and well-known. The universal requirement is that there must be a specific divestment of ownership. This is accomplished by creation of an appropriate trust or transfer to a third person. In the case of married persons, the entire interest might be transferred to one spouse.

The defendants cite the case of *Sawada* v. *Endo* (1977), 57 Haw. 608, 561 P. 2d 1291, where the court held the transfer by an indebted spouse along with the non-indebted spouse of their estate by the entireties to their children to avoid $25,000 in judgments was not a fraud upon the creditors because the indebted spouse's ownership was not separate and divided. The court completely rejected the creditor consideration in favor of the family unity theory.

Each man under the law is responsible for his just debts and cannot change his obligations by changing the title to his assets. The *Sawada* court stated that if the estate was created after the granting of credit, the property was not the basis of the credit and if the debt arose subsequently, the creditor was on notice. Such a view is almost irreconcilable with any position of fair play — either way the "deck is stacked" and the creditor loses. The mere ability of entering into a deed with one's spouse would grant immunity in situations other than where the creditor had an opportunity to check the record or obtain both signatures. As in *Sawada,* the debtor evaded his obligation to have liability insurance, or as under Ohio law to be "financially responsible" and failing in this, was aided by the court in avoiding payment once a bona fide judgment was obtained against him. The property was not sold but was transferred to the debtor's children, an obvious ploy to defraud.

The circumstances of avoidance are endless. In the case *sub judice,* the defendant by virtue of his first marriage is obligated to plaintiff for child support. The plaintiff obtained judgments for this obligation. Defendant-debtor remarried, purchased real estate and made a deed by the entireties and now argues it is beyond the reach of creditors, including the support of his children. The argument of family unity is thin by any standard when the device of preservation of one family is being used to destroy the family unity of another — both being the debtor's responsibility.

The court, therefore, holds that an estate by the entireties is merely a right of survivorship between spouses and is not a device by which the creditors may be held at bay.

The court now takes up the issue of what interest may the creditors attach. The defendant argues the defendant-wife is not obligated legally on the judgment of the plaintiff, and therefore, her interest may not be foreclosed against. The defendant-wife further maintains she has a dower interest in the defendant-husband's interest, and thus, such interest prevents foreclosure of the defendant-husband's share.

The court disagrees with the latter argument. Dower rights of the wife arise

only upon death of the other spouse and are not a defense to foreclosure by a creditor.

Regarding the wife's interests in the property, this court agrees whatever the interest of the defendant-wife, she is not amenable to the judgment of the plaintiff and, therefore, the plaintiff may not maintain an action as to defendant-wife.

Regarding the debtor-husband's obligations, it is this court's view that Ohio looks upon the application of R.C. 5302.17 as a tenancy in common for the joint lives of the spouses with an indefeasible right of survivorship in each other. In such application, absolute equality of rights exists in both the husband and wife. This means that each spouse has a present possessory interest with individual control and rights to income. As such, a creditor has the right to attach the interest of the debtor-spouse. See, generally, Magee, Tenancy by the Entirety: Ohio's New Estate (1974), 2 N. Ky. St. L. Forum 69; Yzenbaard, Ohio's Beleaguered Entirety Statute (1980), 49 Univ. Cin. L. Rev. 99; Comment, The Ohio Entirety Estate: Alternative Approaches to Anticipated Problems (1979), 4 Univ. Day. L. Rev. 425.

In 1980, the Ohio Legislature passed S.B. No. 173 which enacted R.C. 5302.18, 5302.21 and 5302.22 to explain and limit the use of R.C. 5302.17 in the manner as the plaintiff suggests. The bill allowed creditors to attach the interests of the debtor-spouse as if the interests were held as joint tenants. The bill, though passing the legislature, was vetoed by the Governor presumably because it was felt the bill raised more issues than it solved.

This court favors the application of the "all interest reachable rule" and finds that the application of R.C. 5302.17 is as tenants in common; during the spouses' lives, each is entitled to one half interest, and the creditor is entitled to judgment as against the defendant-debtor up to that amount.

Therefore, it is the opinion of this court that the defendants' motion to dismiss ought to be denied and the plaintiff's demand for judgment ought to be granted.

*Judgment accordingly.*