BAHLER ET AL., APPELLEES, *v.*
DOENGES ET AL., APPELLEES;
EARTHWAY PRODUCTS, INC. ET AL.,
APPELLANTS.

(No. 7-84-22—Decided March 26, 1986.)

*Barber, Kaper, Stamm & Robinson* and *Jan H. Stamm,* for appellee Rogers Brothers Corp.

*Hoeffel, Funkhouser, Hanna & Fisher* and *John H. Hanna,* for appellee C. A. McDade Co.

*Meekison & Donovan* and *John Donovan,* for appellant Earthway Products, Inc.

*Joseph Goldberg* and *Marcia R. Goldberg,* for appellant Owatonna Mfg. Co.

GUERNSEY, P.J. This is an appeal by defendants, Earthway Products, Inc., and Owatonna Manufacturing Company, Inc., from a judgment of the Court of Common Pleas of Henry County, in an action for money judgment on a note, for foreclosure of a mortgage securing

the note and for marshalling of liens, initiated by the plaintiffs, Leonard F. Bahler and Marie K. Bahler, the mortgagees, and joining as defendants, Thomas H. Doenges and Joanne E. Doenges, the mortgagors, as well as numerous defendants alleged to have possible interests in the real estate involved.

On December 20, 1983, after hearing on the pleadings the trial court found the mortgagors indebted to the mortgagees, ordered the mortgage foreclosed, the liens marshalled, and the real estate sold. On August 1, 1984, the trial court confirmed the sale (for $30,200) and ordered partial distribution of the proceeds to the costs of sale, to the mortgagees, and to one of the defendant judgment creditors, with the balance of $9,362.74 to be paid to the Clerk of Courts of Henry County for later distribution after the priority of claims of the other defendants had been determined. From that point on, there being no transcript of proceedings, the specific interests of each of the lienees as well as the issues become somewhat cloudy, clarified only by the opinion of the trial judge, which in the circumstances here satisfies the requirements of Civ. R. 52, relating to findings of fact and conclusions of law.

It would appear from that opinion that the dispute for the balance of proceeds is between lienholders having liens against "both Thomas H. Doenges and Joanne E. Doenges" and "those lienholders having liens against one of them individually" and that critical to the determination of the rights and priorities of these disputing parties is whether the Doengeses held the foreclosed realty as tenants by the entireties or as joint tenants with rights of survivorship. Although the trial judge refers to the deed by which they took title we find no place where that deed has become a part of the appellate record by being admitted into evidence or otherwise. Nevertheless it is apparent

from the briefs of the contesting parties, who each have included a copy of that deed in their respective briefs and have referred to same and admitted same as being the questioned conveyance, that the parties have made a judicial admission as to the existence of the deed both in fact and as part of the proceedings before the trial court, and as being the deed referred to by the trial judge in his opinion and incorporated by reference therein. We will, therefore, consider it as an evidentiary fact for the purposes of this appeal.

Based on their deed of title the trial court found that the Doengeses "owned the real estate sold at foreclosure as tenants by the entireties," that neither spouse could alienate the property without the other's consent, that the "property is therefore immune from one spouse's creditors," and that "the priority of liens requires that Rogers Brothers Corporation [a defendant-appellee] be paid first in the amount of $7,057.20 and that the remaining $2,305.54 be paid to C. A. McDade, Inc. [a defendant-appellee]" and there "being insufficient funds to pay C. A. McDade, Inc. in full, it is not necessary for the Court to determine further priorities." Judgment ordering distribution accordingly by the clerk of courts of the balance of the proceeds was entered by the trial court on November 9, 1984, followed by the filing of separate notices of appeal by the defendants-appellants.

Appellants each assign error of the trial court in its finding that the deed to the subject real estate complies with R.C. 5302.17 and created an estate by the entireties, contending that that finding is against the manifest weight of the evidence and contrary to law.

Appellant Earthway Products, Inc. assigns additional error of the trial court in failing to find the proceeds of the sale of the real estate are personal property.

Having no evidentiary record we will assume for the purposes of this appeal from the opinion and judgment of

the trial court that debts owed to the successful defendants, Rogers Brothers Corporation and C. A. McDade, Inc., by the Doengeses, and upon which the judgments in said defendants' favor were based, were debts incurred jointly by the Doengeses as husband and wife. For the same lack of an evidentiary record we will further assume on the same basis that the debts owed by the Doengeses to each of the defendants-appellants were owed to each by one or the other of the Doengeses but not by both, and that the judgment of the trial court giving priority to Rogers Brothers Corporation and C. A. McDade, Inc. deprived the appellants of any distribution and thus prejudiced them.

The thrust of appellants' common assignment of error is that the deed in question merely created a joint tenancy with rights of survivorship and not a tenancy by the entireties. Without setting forth the entire deed, it appears that the deed in question was executed by the grantors on June 17, 1977, using a form apparently printed in the nineteen hundred and forties. The granting clause is "unto the said grantees, to them jointly, for life, and to the survivor of them, his or her heirs and assigns, forever, in fee simple." The habendum clause is "unto the said grantees, jointly, for life, and to the survivor of them, his or her heirs and assigns forever, in fee simple." The grantees are "Thomas H. Doenges and Joanne E. Doenges, husband and wife."

At least twenty-two years after the deed form in question was printed but adopted effective on February 9, 1972, and amended effective on November 22, 1973, the General Assembly prescribed in R.C. 5302.17, among other things:

"A deed conveying any interest in real property to a husband and wife, and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, creates an estate by the entireties in the grantees, and upon the death of either, conveys such interest to the survivor, his or her separate heirs and assigns.

" 'ESTATE BY THE ENTIRE-TIES WITH SURVIVORSHIP DEED _____ (marital status), of _____ county, _____ for valuable consideration paid, grant(s), (covenants, if any), to _____ and _____, husband and wife, for their joint lives, remainder to the survivor of them, whose tax mailing address is _____, the following property:

" [']( Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

" [']Prior Instrument Reference: Volume _____, Page _____, wife (husband) of the grantor, releases all rights of dower therein.

" [']Witness _____ hand this _____ day of _____ (Execution in accordance with Chapter 5301. of the Revised Code) * * *.['] "

In *Central Natl. Bank of Cleveland* v. *Fitzwilliam* (1984), 12 Ohio St. 3d 51, the Supreme Court held that the "estate by the entireties created by R.C. 5302.17 is equivalent to a common-law estate by the entireties which is not alienable by one spouse without the consent of the other."

At common law, an estate in joint tenancy, as distinguished from an estate by the entireties, was one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship, by virtue of which the entire estate, upon the death of a joint tenant, goes to the survivor, or survivors, free and exempt from all charges made by his deceased cotenant or cotenants. 20 American Jurisprudence 2d (1965) 94 *et seq.*, Cotenancy and Joint Ownership, Section 3 *et seq.*

On the other hand, an estate by the

entireties is the estate created at common law by a conveyance of property to husband and wife, who, by reason of their legal unity by marriage, take the whole estate as a single person with the right of survivorship as an incident, so that if one dies the entire estate belongs to the other by virtue of the title originally vested. It is clearly distinguishable from a joint tenancy in that the latter may be invested in any number of natural persons, each of whom is seised of an undivided moiety of the whole, whereas a tenancy by the entireties is vested in two persons only, who are regarded at law as only one and who become seised of the estate as a whole. 41 American Jurisprudence 2d (1968) 58, Husband and Wife, Section 55. See, also, *Donvito* v. *Criswell* (1982), 1 Ohio App. 3d 53.

A comparison of the granting and habendum clauses in the deed which is the subject of this appeal shows that they not only, *in substance,* conform to the operative words in the form set forth in R.C. 5302.17 but even more fully conform, with slight shades of difference, to the words essential to the common-law conveyance of an estate by the entireties. Thus the deed conveys to them jointly for life, and to the survivor, consistent with a single estate in both terminated as to one only by death, whereas the statutory form conveys to them for their joint lives, with remainder to the survivor, more consistent with an estate in each terminated when they both no longer live, with a new estate arising in remainder in the survivor.

Accordingly, we find no error in the trial court's determination that the deed herein involved complied in substance with R.C. 5302.17 and created an estate by the entireties in the defendants Doengeses.

Being an estate by the entireties it was not alienable by either without the consent of the other, to satisfy debts or otherwise. Such consent does not appear in the record before us. To consider that the foreclosure caused a conversion of the proceeds of sale to some estate or form which could be reached by these same creditors would be permitting them to accomplish indirectly that which they could not accomplish directly. We find neither reason nor merit in such conclusion and find the second assignment of error of appellant Earthway Products, Inc. also without merit.

We are aware that by amendments to R.C. 5302.17, effective April 4, 1985, the General Assembly radically changed the character and content of the statute. However, those amendments are not applicable to this conveyance and the rights of the parties thereunder.

Accordingly, the judgment must be affirmed.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.