**UNITED STATES of America, Plaintiff,**

v.

**Andrew C. ESTES, et al., Defendants.**

**No. C–3–86–135.**

United States District Court,
S.D. Ohio, W.D.

Dec. 18, 1986.

Margaret M. Quinn, Asst. U.S. Atty., Dayton, Ohio, Robert W. Kern, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

William S. Harbor, Troy, Ohio, for defendants Andrew C. Estes and Jane Conley Estes.

John E. Fulker, Troy, Ohio, for defendant First Nat. Bank of Troy.

Rodney R. Blake, Jr., Sidney, Ohio, for defendant Dixie A. Hurley.

Gary E. Wright, Fairborn, Ohio, for defendant P & WQ Roofing and Supply Co.

State of Ohio, Bureau of Unemployment Compensation, Columbus, Ohio, Frederick D. Freed, Piqua, Ohio, for defendants State of Ohio Dept. of Taxation.

Treasurer, City of Troy, Troy, Ohio, Christopher Gee, Asst. County Prosecutor, Troy, Ohio, for defendant Miami County, Ohio, Treasurer.

## DECISION AND ENTRY OVERRULING MOTION OF DEFENDANT JANE CONLEY ESTES SEEKING SUMMARY JUDGMENT (DOC. # 12)

RICE, District Judge.

The motion of the Defendant, Jane Conley Estes, seeking summary judgment in her favor and, consequently, dismissing the Plaintiff's action herein (Doc. # 12), for the reason that the two parcels of real estate which are the subject of the within foreclosure action are estates by the entireties, created by Ohio Revised Code § 5302.17, as it existed prior to April 4, 1985, and, accordingly, are not alienable by one spouse without the consent of the other, is overruled.

In ruling as aforesaid, the Court makes the following nonexclusive, observations:

(1) Prior to the passage of Ohio Revised Code § 5302.17, as it existed prior to the effective date of the amendment of April 4, 1985, Ohio did not recognize a common law estate by the entireties. *Sergeant v. Steinberger*, 2 Ohio 305 (1826); *Central National Bank of Cleveland v. Fitzwilliam*, 12 Ohio St.3d 51, 465 N.E.2d 408 (1984). "Estate by entirety" is statutory, there being no such common law estate in Ohio; *Central National Bank v. Fitzwilliam, supra; Jones v. Veit*, 6 Ohio Misc.2d 4, 453 N.E.2d 1299 (Ct. Common Pleas of Lake County, 1982).

(2) Ohio Revised Code § 5302.17, as it existed prior to the effective date of the amendment of April 4, 1985, stated, in part:

Estate by the entireties.

A deed conveying any interest in real property to a husband and wife, and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, creates an estate by the entireties in the grantees, and upon the death of either, conveys such interest to the survivor, his or her separate heirs and assigns.

## "ESTATE BY THE ENTIRETIES WITH SURVIVORSHIP DEED

....... (marital status), of ....... county, .......... for valuable consideration paid, grant(s), (covenants, if any), to ....... and ......., husband and wife, for their joint lives, remainder to the survivor of them, whose tax-mailing ad-

dress is ......., the following real property:

(Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

Prior Instrument Reference: Volume ........, Page ......., wife (husband) of the grantor, releases all rights of dower therein.

Witness ...... hand this ....... day of .........." (Execution in accordance with Chapter 5301. of the Revised Code)

A husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, by executing a deed as provided in this section conveying their entire, separate interests in such property to themselves.

A spouse who is the sole owner of any real property may create in himself or herself and the other spouse an estate by the entireties in such real property, by executing a deed as provided in this section conveying his or her entire interest in such property to themselves.

▪ (3) The statute thus requires the deed to follow the form set forth therein, *in substance*. While not wishing to see a triumph of form over substance, it is clear, by a careful reading of pre-amended Ohio Revised Code § 5302.17, that the *intention* to create an estate by the entireties must be spelled out, together with *language* of survivorship. Were this not the case, the Ohio legislature would not have capitalized the phrase "Estate by the entireties with survivorship deed." Indeed, the only reason for including this language within the Ohio Revised Code section was to distinguish the estate by the entireties, created therein, from the joint tenancy right of survivorship estate.

▪ (4) Accordingly, this Court concludes, based upon the aforesaid, that the two parcels of real estate in question are not held as tenancies by the entireties. Rather, the Littlejohn Road property is a joint tenancy with right of survivorship; the East Main Street property is a tenancy in common. Neither estate being an estate by the entireties, it is clear that such estates may be alienable by one spouse without the consent of the other. Accordingly, the Government can reach the interest of Ms. Conley's husband, Andrew C. Estes, in the two parcels of real estate, by foreclosing upon the whole, reserving in distribution a sufficient sum of money to compensate the moving Defendant, Jane Conley Estes, for her interest therein.

WHEREFORE, based upon the aforesaid, the motion of the Defendant, Jane Conley Estes, seeking summary judgment and, accordingly, dismissal of the captioned cause (Doc. # 12), is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.