**In re Gregory HAVENS, Debtor.**

**Gregory HAVENS, Debtor/Movant,**

v.

**Thomas J. GEYGAN,
Trustee/Respondent.**

**Bankruptcy No. 1–86–02279.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 30, 1986.

Barry H. Zimmer, Cincinnati, Ohio, for debtor/movant.

Thomas Geygan, Cincinnati, Ohio, trustee/respondent.

### DECISION and ORDER ON MOTION TO ABANDON

BURTON PERLMAN, Bankruptcy Judge.

Debtor in this case has listed in the schedules filed with his petition ownership in an undivided one-half interest in real property with his non-bankrupt spouse, as a tenant by the entireties. Debtor properly made application to the trustee for abandonment of the property, but the trustee declined to do so, taking the position that there was equity in the property to which creditors were entitled.

Debtor thereupon filed the present motion under § 554(b) seeking an order of this court directing the trustee to abandon the property. The motion came on for hearing. At that time, it appeared that there was no disagreement between the parties that debtor was entitled to an abandonment if the property is being held by the entireties. The dispute, however, went to whether the property is indeed held by the entireties. If the property is not held by the entireties, but rather in a tenancy in common with right of survivorship, the trustee is correct, and he must assert the rights of creditors against the available equity.

It is not only the law which is not in dispute, the basic facts as well are not here in dispute. We have before us the deed by which debtor and his wife took title to the property. The granting clause reads: "To Gregory Havens and Betty F. Havens, husband and wife, for their joint lives remainder to the survivor of them." The deed is

dated February 16, 1978. At that time, the law of the State of Ohio recognized estates by the entireties. O.R.C. § 5302.17, effective November 22, 1973, amended effective April 4, 1985 to eliminate tenancies by the entireties.

That section of the Ohio Revised Code itself included a form for the creation of an estate by the entireties. Such forms have official status conferred upon them by O.R.C. § 5302.01. The form included in O.R.C. § 5302.17 begins with the title "ESTATE BY THE ENTIRETIES WITH SURVIVORSHIP DEED", followed by deed language which is appropriate to the creation of the estate. In the case before us, the deed language is closely followed, but the title for the instrument set forth in the code section is not employed, nor is language suggesting such title employed. Instead, the deed in issue uses the title "General Warranty Deed". The question before us then comes down to a very narrow one, whether a tenancy by the entireties can be created where the language of the body of the statutory form is employed, but the statutory title for such a deed is not. We are not provided by the parties with any evidence as to what was intended by the parties at the time the title was taken, so we must decide this case entirely on the basis of the language of the deed.

The trustee suggests that the language employed in the deed in question can be understood to create a joint tenancy with right of survivorship, in which case debtor's interest could be reached for the benefit of creditors. Debtor urges that this is an over-technical view and, since the statutory form was otherwise filed, the resulting tenancy should be regarded as one by the entireties.

A number of authorities have been cited to us by both parties, including a very recent one, *Bahler v. Doenges*, 26 Ohio App.3d 172, 499 N.E.2d 35 (Ct.App., Henry County, 1986), but none has dealt with the narrow question here presented. Much appears in such cases about the background of tenancies by the entireties, that common law status of such tenancies, and whether the Ohio tenancy by the entireties conforms to law or is a different species. It is neither necessary nor useful for us to once again reiterate this background. Here we reach the conclusion that a tenancy by the entireties was created. In reaching this conclusion, we are influenced by the following language at 19 O.Jur.3rd, Co-tenancy and Partition, § 4, at p. 245:

> The common-law tenancy by the entireties was a modification of joint tenancy, and arose where the estate was conveyed to husband and wife under circumstances which would have created simply a joint tenancy if the conveyance had been made to two persons other than a husband and wife.

The implication to us from this language simply is that employment of the language "joint lives" and "survivor" creates a tenancy by the entireties where the grantees are husband and wife. To require that the establishment of such a tenancy can only be accomplished if the proper title of the instrument is used, seems to us too inflexible a reading of the Ohio statute, particularly where the statute itself requires only that the deed creating the ownership interest "in substance" follow the statutory form.

Accordingly, the motion is granted. The trustee is ordered to abandon the property in question.

So Ordered.