OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Central Benefits Mutual Insurance Company et. al, Appellees, v.
RIS Administrators Agency, Inc.; Laird, Appellant.
[Cite as Cent. Benefits Mut. Ins. Co. v. RIS Administrators
Agency, Inc. (1994),        Ohio        St.3d        .]
Real property -- Estate by the entireties created, how --
     Former R.C. 5302.17, construed.
A deed executed and delivered while former R.C. 5302.17 was
     in effect which conveys title to "husband and
     wife for their joint lives, remainder to the
     survivor of them," creates an estate by the
     entireties only when the word "entireties" is
     included in either the title or text of the
     deed.
     (No. 93-999  --- Submitted February 1, 1994  -- Decided
August 24, 1994.)
     Certified by the Court of Appeals for Franklin County, No.
92AP-1283.

     Baker & Hostetler, Randall S. Rabe and Carol E. Terpstra,
for appellees.
     McFadden Winner & Savage and Joseph C. Winner, for
appellant.

     Per Curiam.  The Tenth District Court of Appeals certified
the record of the cause to this court for review and final
determination upon finding its decision to be in conflict with
the decisions of the Third District Court of Appeals in Bahler
v. Doenges (1986), 26 Ohio App. 3d 172, 26 OBR 391, 499 N.E. 2d
35; the Twelfth District Court of Appeals in BancOhio Natl.
Bank v. Durham (June 2, 1986), Butler App. No. CA85-11-146,
unreported; and the Eighth District Court of Appeals in
Zahuranec v. Menier (May 30, 1985), Cuyahoga App. Nos. 49047
and 49048, unreported, upon the following question:  "Whether a
deed executed and delivered while former R.C. 5302.17 was in
effect, and which conveyed title to husband and wife for their
joint lives, remainder to the survivor of them, creates an
estate by the entireties, or merely a joint tenancy with right
of survivorship, when the title and text of the deed do not

include the words 'estate by the entireties.'"

Having examined these cases, we find that a conflict does exist. We resolve the conflict in favor of the decision of the Tenth District in the cause before us for the reasons set forth in its opinion, a copy of which follows as an appendix.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

APPENDIX

BOWMAN, J.   On April 18, 1990, plaintiffs-appellees, Central Benefits Mutual Insurance Company and Central Benefits Life Insurance Company ("Central Benefits"), filed a complaint against defendant-appellee, RIS Administrators Agency, Inc. ("RIS"), based on RIS's failure to remit premiums it had collected on behalf of Central Benefits and two programs known as "WenMed" and "HealthCore." On October 21, 1990, after conducting initial discovery, Central Benefits filed an amended complaint to add claims against Charles Aldrin ("Aldrin"), Daniel Kendall and Allen Clement, all of whom were officers and shareholders of RIS and who were sued for converting Central Benefits' funds for their own personal use.

On December 22, 1990, Aldrin and his wife, Maureen Laird Aldrin ("Maureen"), conveyed a mortgage in their Worthington residence to Maureen's father, appellant, James F. Laird, Sr. ("Laird"). The mortgage was recorded on January 11, 1991, and secured a loan from Laird to Maureen in the amount of $200,000, based on the equity in the Worthington residence. The $200,000 was used by Maureen to purchase a home in Florida in her name.

On June 11, 1991, Central Benefits filed a second amended complaint adding Laird as a defendant. The complaint sought to set aside and void the mortgage in the Worthington residence based on the transfer being a fraudulent conveyance.

Prior to the commencement of the trial, Central Benefits and Laird agreed that Laird would not participate in the trial, and that the trier of fact would address the threshold issues of whether Aldrin was personally liable to Central Benefits and whether Aldrin made the conveyance at issue with the intent to defraud Central Benefits. The jury found in favor of Central Benefits on both of these issues and, in response to an interrogatory, the jury found that Aldrin conveyed the second mortgage in his Worthington residence with the intent to defraud Central Benefits. Laird filed a post-trial motion for dismissal of the fraudulent conveyance claim, arguing that the property was held in the form of a tenancy by the entireties and that it could not be reached by Aldrin's creditors. The trial court denied Laird's motion and entered judgment granting Central Benefits relief on its fraudulent conveyance claim. Laird now brings this appeal and asserts the following assignments of error:

"1. The trial court erred in holding that the deed dated October 1982 (Plaintiff's Exhibit 22) did not create an estate by the entireties held by defendant Charles B. Aldrin an [sic] Maureen Anne Aldrin (aka Maureen Laird Aldrin), husband and wife.

"2. The trial court erred in failing to apply Central National Bank of Cleveland v. Fitzwilliam, 12 Ohio St. 3d 51 [12 OBR 43, 465 N.E.2d 408] (1984), which requires judgment in

favor of defendant appellant James F. Laird, Sr. on the fraudulent conveyance claims of plaintiff-appellee."

In his first assignment of error, appellant asserts that the trial court erred in holding that Aldrin and Maureen's deed dated October 1982 did not create an estate by the entireties. R.C. 5302.17, which was in effect from February 9, 1972 to April 4, 1985, created an estate by the entireties in Ohio.1 Prior to the enactment of R.C. 5302.17 on February 9, 1972, estates by the entireties were not recognized in Ohio.2 R.C. 5302.17 included a form, defined in R.C. 5302.01 as a "Statutory Form," for the purpose of creating an estate by the entireties. R.C. 5302.17 provided:

"A deed conveying any interest in real property to a husband and wife, and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, creates an estate by the entireties in the grantees, and upon the death of either, conveys such interest to the survivor, his or her separate heirs and assigns.

"'ESTATE BY THE ENTIRETIES WITH SURVIVORSHIP DEED

". . . . .(marital status), of. . . . .county,. . . . .for valuable consideration paid, grant(s), (covenants, if any), to. . . . .and. . . . ., husband and wife, for their joint lives, remainder to the survivor of them, whose tax-mailing address is. . . . ., the following real property:

"(Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

"Prior Instrument Reference: Volume. . . . ., Page. . . . ., wife (husband) of the grantor, releases all rights of dower therein.

"Witness. . . . .hand this. . . . .day of. . . . .' (Execution in accordance with Chapter 5301. of the Revised Code)

"A husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, be executing a deed as provided in this section conveying their entire, separate interests in such property to themselves.

"A spouse who is the sole owner of any real property may create in himself or herself and the other spouse an estate by the entireties in such real property, by executing a deed as provided in this section conveying his or her entire interest in such property to themselves. The provisions of this paragraph shall be applied retroactively to cover transactions occurring on or after February 9, 1972."

The deed at issue in this case provides:

"WARRANTY DEED

"KNOW ALL MEN BY THESE PRESENTS: That PONCO DEVELOPMENT CO., an Ohio corporation, of the City of Worthington, County of Franklin, and State of Ohio, Grantor, in consideration of the sum of Ten Dollars ($ 10.00) and other good and valuable considerations to it paid by CHARLES B. ALDRIN and MAUREEN ANNE ALDRIN a/k/a MAUREEN LAIRD ALDRIN, Husband and Wife, of the City of Columbus, County of Franklin, and State of Ohio, Grantees, the receipt whereof is hereby acknowledged, does hereby GRANT, BARGAIN, SELL and CONVEY to the said Grantees, CHARLES B. ALDRIN & MAUREEN ANNE ALDRIN a/k/a MAUREEN LAIRD

ALDRIN husband and wife, for their joint lives, remainder to the survivor of them, whose tax mailing address is: 653 Jasonway St. Col. Ohio , the following real estate, situated in the County of Franklin, State of Ohio and City of Columbus, and bounded and described as follows[.]"

A description of the land and the encumbrances, reservations and exceptions follows this granting language as does reference to prior instruments. The deed was witnessed, executed and recorded.

The language of R.C. 5302.17 and the Statutory Form deed itself are ambiguous with respect to creating an estate by the entireties, in that the statute creates a right of survivorship which technically does not exist in an estate by the entireties as each spouse owns the whole estate. Koster v. Boudreaux (1982), 11 Ohio App.3d 1, 11 OBR 12, 463 N.E.2d 39. Nonetheless, this court finds that, in order to create an estate by the entireties, the intention must be spelled out by using the language "estate by the entireties," together with the language of survivorship. Evidence of the intention to create an estate by the entireties can only be achieved by setting forth the title "Estate by the Entireties with Survivorship Deed" on the deed or by including in the granting language of the deed that the husband and wife are taking the property as tenants by the entireties. Including the title set forth in R.C. 5302.17 on the deed is the better practice, since that is what is set forth in the Statutory Form. However, including language to the effect that the husband and wife are taking the property as tenants by the entireties would conform, in substance, with the statute. See R.C. 5302.01.

Such language is essential to create an estate by the entireties, as it is the only means by which to distinguish such an estate from a joint tenancy with right of survivorship. See United States v. Estes (S.D.Ohio 1986), 654 F.Supp. 49. In fact, the only thing that distinguishes former R.C. 5302.17, which created an estate by the entireties, from the present day R.C. 5302.17, which creates a joint tenancy with right of survivorship, is the title "Estate by the Entireties with Survivorship Deed," which is contained in the Statutory Form. Otherwise, the language of the statutes is the same. In Cent. Natl. Bank of Cleveland v. Fitzwilliam (1984), 12 Ohio St.3d 51, 12 OBR 43, 465 N.E.2d 408, the court stated, at 53-54, 12 OBR at 46, 465 N.E. 2d at 410:

"In determining the intent of the General Assembly in enacting R.C. 5302.17, we must give due weight to the legislature's use of the phrase 'estate by the entireties.' In the context of property law, an estate by the entireties has a particular and unique definition which sets it apart from other recognized forms of joint tenancies. As such, we are inclined to believe that when the General Assembly used 'estate by the entireties' in R.C. 5302.17, an estate by the entirety is precisely what it intended to create."

Based on similar facts, the court in Bahler v. Doenges (1986), 26 Ohio App.3d 172, 26 OBR 391, 499 N.E.2d 35, reached a different conclusion than we reach today and held that a deed executed by the grantors on June 17, 1977, using a form which was apparently printed in 1950, conformed, in substance, to the operative words set forth in the form contained in former R.C.

5302.17, although the deed apparently did not include language referring to "estate by the entireties." The court also held that the deed in question even more fully conformed to the words which were essential to the common-law conveyance of an estate by the entireties. Inasmuch as Bahler was decided by the Court of Appeals for Henry County, it is not binding on this court and we decline to follow it.[3]

Based on the foregoing, this court finds that the deed executed by Aldrin and Maureen in October 1982 does not create an estate by the entireties and appellant's first assignment of error is not well taken.

In his second assignment of error, appellant asserts that the trial court erred when it did not dismiss the fraudulent conveyance claims asserted by Central Benefits. Appellant asserts that Central Benefits cannot reach an estate by the entireties because it is not alienable by one spouse without the consent of the other and, therefore, cannot be reached by a judgment creditor of one spouse.

Inasmuch as this court has determined that Aldrin and Maureen did not create a tenancy by the entireties by the wording of their October 1982 deed, appellant's second assignment of error is not well taken.

Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.

                              Judgment affirmed.

Tyack and Reilly, JJ., concur.

Archer E. Reilly, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.


1  Sub.S.B. No. 201, effective April 4, 1985, enacted the current version of R.C. 5302.17 and replaced the tenancy by the entireties with a survivorship tenancy. 140 Ohio Laws, Part I, 545, 556-557. However, Sub.S.B. No. 201 also enacted R.C. 5302.21, which provides that tenancies by the entireties created under former R.C. 5302.17 continue to be valid. 140 Ohio Laws, Part I, 545, 560.

2  For a general discussion of the estate by the entireties, see Koster v. Boudreaux (1982), 11 Ohio App.3d 1, 11 OBR 12, 463 N.E.2d 39; Cent. Natl. Bank of Cleveland v. Fitzwilliam (1984), 12 Ohio St.3d 51, 12 OBR 43, 465 N.E.2d 408; Donvito v. Criswell (1982), 1 Ohio App.3d 53, 1 OBR 276, 439 N.E.2d 467.

3  This court also declines to follow BancOhio Natl. Bank v. Durham (June 2, 1986), Butler App. No. CA85-11-146, unreported; Zahuranec v. Menier (May 30, 1985), Cuyahoga App. Nos. 49047 and 49048, unreported; and Havens v. Geygan (Bankr.S.D.Ohio 1986), 68 B.R. 403.