OPINION
{¶ 1} This is an appeal from a decision of the Knox County Court of Common Pleas finding in favor of Tanya L. Smith, and against Susan Louise Smith, on the issue of who is the rightful owner of certain funds held by the Knox County Clerk of Courts.
 {¶ 2} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 5} On March 20, 1982, Dennis S. Smith and Tanya L. Smith, had a piece of property deeded to them as joint tenants with right of survivorship pursuant to a General Warranty Deed filed March 20, 1982, recorded in Vol. 363, Page 1001 of the Knox County, Ohio, Deed Records.
 {¶ 6} On February 12, 1986, a mortgage on said property was filed in the amount of $47,000.00, in favor of GMAC Mortgage Corporation, which was later sold and assigned to Source One Mortgage Services Corporation. Said mortgage is located in Mortgage Record Volume 331, Pages 253-256, Knox County, Ohio Mortgage Records.
 {¶ 7} By Decree of Dissolution filed May 9, 1986, Dennis S. Smith and Tanya L. Smith were divorced.
 {¶ 8} On June 6, 1992, Dennis S. Smith married Susan Louise Steele (maiden name Powell).
 {¶ 9} On March 27, 1997, Source One Mortgage Services Corporation filed a Complaint for Money, Foreclosure and other Equitable Relief against Dennis S. Smith and Tanya Lynn Smith. Said foreclosure action resulted in a sale with $44,883.12 in excess funds to be held by the Clerk of Courts pending claim by the rightful owners.
 {¶ 10} On May 2, 1997, Dennis L. Smith died, intestate, with no children.
 {¶ 11} On July 31, 1997, Tanya L. Smith filed an Affidavit declaring that the survivorship tenancy of her deed with Dennis S. Smith had ended due to his death and that she was the 100% owner of the property.
 {¶ 12} On February 21, 2002, the trial court ordered that the $44,883.13 in excess funds be paid to the Clerk of Courts until such time as the proper owner claimed the funds.
 {¶ 13} On May 8, 2002, Susan Louise Steele Smith filed a Motion to Identify Owner and Release Funds and Memorandum in Support.
 {¶ 14} In June, 2002, Tanya L. Smith filed a motion claiming the excess funds.
 {¶ 15} On July 16, 2002, the trial court held an oral hearing on this matter to determine the proper ownership of said funds. Upon request by the parties, the trial court allowed each side to file briefs in support of their opinion.
 {¶ 16} On July 31, 2002, subsequent to receipt of said briefs, the trial court issued an order granting that said funds be distributed to Tanya L. Smith.
 {¶ 17} It is from this decision that Susan Louise Steele Smith appeals.
 ASSIGNMENTS OF ERROR {¶ 18} Appellant sets forth no assignment of error in her appellate brief, but it appears from a review of her brief she is contending the Knox County Court of Common Pleas erred in finding that Tanya L. Smith was the proper owner of the excess funds being held by the Knox County Treasurer.
 {¶ 19} In the interest of justice we fashion an assignment of error on behalf of the appellant Susan Louise Steele Smith: "The Knox County Common Pleas Court erred in finding that Tanya L. Smith is the proper owner of the excess funds paid into the county treasury for the benefit of the proper owner."
 {¶ 20} Furthermore, the record also does not contain a transcript of the proceedings in the trial court or an App.R. 9(C) statement. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197.
 {¶ 21} In the case sub judice, the Divorce Decree and Separation Agreement states the following:
 {¶ 22} "C. Real Estate
 {¶ 23} "The real property at 9698 Green Valley Road, Mount Vernon, Ohio, is owned jointly with right of survivorship. Husband shall have the right to reside in the home until Husband's death. Husband shall assume and make all mortgage payments to GMAC along with the gas, electric, water, trash and telephone charges for the home. Husband shall also make all necessary repairs at the home."
 {¶ 24} Upon review of the record, we find that the deed in question did not create a tenancy by the entireties as the word "entireties" does not appear anywhere on or in the deed. Central BenefitsMutual Insurance Co. v. RIS Administrators, Inc. (1994), 70 Ohio St.3d 68. We find that the deed in question preceded the enactment of R.C. §5302.20. We further find that even if such section applied to the case at bar, said section provides that the parties may allow a survivorship deed to continue after divorce if such is indicted in the Decree of Dissolution. As stated supra, the Decree states that the property is owned "jointly with right of survivorship" and provides for the Husband "to reside in the home until Husband's death."
 {¶ 25} Based on the above, we find that the trial court did not err in finding that the owner of the funds in question is Tanya L. Smith.
 {¶ 26} The decision of the Knox County Court of Common Pleas is affirmed.
By: Boggins, J. Wise, P.J. and Edwards, J. concur.
Topic: Right of Survivorship and Foreclosure.