DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellants, Robert and Pamela Parks (collectively "the Parks"), appeal from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellees, Rick and Leslie White (collectively "the Whites"). This Court affirms.
 I {¶ 2} Neither party disputes the following facts underlying this appeal. In September 1998, the Whites entered into a contract with Artistic Pools, Inc. to install an in-ground swimming pool at their home in Munroe Falls. The pool had a substantial leaking problem which led the Whites to file suit against Artistic Pools, Inc. and its sole shareholder, Mr. Parks. A jury awarded the Whites damages and attorney's fees.[1] *Page 2 
 {¶ 3} The Whites recorded the judgment as a lien on Mr. Parks' real estate. When Mr. Parks failed to pay the judgment, the Whites filed a foreclosure action against the Parks (as co-owners of the property) seeking to enforce their judgment award.[2] After the Parks answered, the Whites filed a motion for summary judgment asserting that there were no material facts in dispute, thus they were entitled to judgment as a matter of law. The Parks opposed summary judgment.
 {¶ 4} On August 9, 2008, the trial court granted the Whites' motion for summary judgment and ordered the property be set for sheriffs sale. The Parks have timely appealed the trial court's judgment, asserting a single assignment of error.
 Assignment of Error "THE TRIAL COURT ERRED BY GRANTING RICK AND LESLIE WHITES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} In their sole assignment of error, the Parks argues that the Whites have sought to enforce a judgment lien against real property co-owned by Mrs. Parks, despite the Whites not having a valid lien against her. Mrs. Parks points to R.C. 5302.20(C)(4) in support for her contention that, as a joint owner with rights of survivorship in the real property, the trial court erred in ordering the sale of the entire property because a valid lien only existed against Mr. Parks' fractional interest in the home. Accordingly, Mrs. Parks argues that the sale of her fractional interest is prohibited by law. Additionally, Mrs. Parks argues that by ordering payment of the foreclosure costs before she receives her fractional share of the sale proceeds, the *Page 3 
court unfairly penalized her in that it forced her to pay half of the costs of the foreclosure despite owing no debt to the Whites. We disagree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} As the party moving for summary judgment, it was the Whites' burden to prove that they were entitled to judgment as a matter of law. The Whites' affidavits attached to their summary judgment motion attest to the fact that they have an outstanding judgment lien against *Page 4 
Mr. Parks which has not been paid on since it was recorded in December 2007. Accordingly, they argue that R.C. 5302.20(C)(4) entitles them to foreclose on the property in satisfaction of their judgment lien. The provision of the Revised Code relied on by the Whites reads as follows:
 "(4) A creditor of a survivorship tenant may enforce a lien against the interest of one or more survivorship tenants by an action to marshall liens against the interest of the debtor or debtors. Every person with an interest in or lien against the interest of the debtor or debtors shall be made a party to the action. Upon a determination by the court that a party or cross-claimant has a valid lien against the interest of a survivorship tenant, the title to the real property ceases to be a survivorship tenancy and becomes a tenancy in common. Each tenant in common of that nature then holds an undivided share in the title. The interest of each tenant in common of that nature shall be equal unless otherwise provided in the instrument creating the survivorship tenancy. The court then may order the sale of the fractional interest of the lien debtor or debtors as on execution, and the proceeds of the sale shall be applied to pay the lien creditors in the order of their priority." R.C. 5302.20(C)(4).
While the Whites' complaint initially identified Mr. Parks as "the owner" of the property, the Whites conceded that the property is co-owned by the Parks as joint tenants with rights of survivorship. The Whites assert that Mrs. Parks is a named defendant to their foreclosure action (as is Third Federal) based upon the statutory directive requiring that "[e]very person with an interest in or lien against the interest of the debtor or debtors shall be made a party to the action." Id. The Whites argue that they have a statutory right to order the sale of Mr. Parks' interest based on the unpaid judgment lien they hold against him. Because the statute unambiguously permits their cause of action, we conclude that the Whites met their Dresher burden. Accordingly, we turn to the Parks to identify why the Whites are not entitled to judgment as a matter of law.
 {¶ 9} Mrs. Parks argues that summary judgment is inappropriate as a matter of law because the statute permits the court to "order the sale of the fractional interest of the lien debtor" only. (Emphasis added.) Id. Mrs. Parks makes a blanket assertion that R.C. 5302.20 *Page 5 
prohibits the court from ordering the sale of the non-debtor'sfractional interest. (Emphasis added.) We note that her argument is limited to two sentences and fails to identify any related statutory provision or controlling case law to support her contention.
 {¶ 10} This court has previously determined that "where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." State v. Knoble, 9th Dist. No. 08CA009359,2008-Ohio-5004, at ¶ 12, quoting Hubbard v. Canton City School Bd. ofEdn., 97 Ohio St.3d 451, 2002-Ohio-6718, at ¶ 14. "If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, at ¶ 13.
 {¶ 11} Here, the statute unambiguously sets forth how a judgment creditor goes about enforcing its lien against a debtor who owns property as a joint tenant with rights of survivorship. The Whites have acted in accordance with the statute in that they recorded a valid lien against Mr. Parks and included Mrs. Parks and Third Federal as defendants to their foreclosure action based on their interests in the property. The trial court, too, acted consistent with the statutory framework set forth in R.C. 5302.20(C)(4) in determining that the Whites held a valid lien against property owned by Mr. Parks in a survivorship tenancy with his wife. Accordingly, the court then ordered the sale of Mr. Parks' interest in the property, as the lien debtor, and preserved Mrs. Parks' interest in the property, as the non-debtor, by ordering that she be paid before any sale proceeds were directed to the judgment creditor. It is worth noting that, while the court can order the sale of the debtor's fractional interest, the lien creditor is not entitled to more than the debtor's fractional interest in the property and cannot collect on its judgment from the non-debtor. Stated differently, the judgment creditor can only reach the *Page 6 
debtor's interest in the property; a non-debtor could not be ordered to help satisfy the judgment creditor out of his or her foreclosure sale proceeds.
 {¶ 12} The language of R.C. 5302.20(C)(4) does not prohibit the sale of the non-debtor's fractional interest as Mrs. Parks alleges, nor are we willing to read that additional language into the statute. SeeHubbard at ¶ 14. Furthermore, as a practical matter, were we to endorse Mrs. Parks' application of the statute, it is unclear how a judgment creditor would ever be permitted to exercise his statutory right to order the sale of a property under R.C. 5302.20(C)(4) in any circumstance other than when the lien debtor was the sole owner of the property.
 {¶ 13} Moreover, our review of the law convinces us that the trial court did not err in ordering the entire property sold. In U.S. v.Estes (1986), 654 F. Supp. 49, the court addressed circumstances similar to those in this case. There, the court considered whether a debtor's interest in two separate properties could be reached by foreclosing upon the entire properties owned by debtor-husband and his non-debtor wife. Id. at 50. The court concluded that neither of the properties were held by the couple as an estate by the entireties, which would have precluded the foreclosure action. Id at 51. Having determined that one property was held as a joint tenancy with rights of survivorship and the other as a tenancy in common, the court held that:
 "Neither estate being an estate by the entireties, it is clear that such estates may be alienable by one spouse without the consent of the other. Accordingly, the Government can reach the interest of [the debtor husband], in the two parcels of real estate, by foreclosing upon the whole, reserving in distribution a sufficient sum of money to compensate the [the non-debtor wife], for her interest therein." Id.
Having offered no authority as to why this Court should do anything but apply the statute as written and as applied by other courts, we conclude that the trial court did not err as a matter of law in granting summary judgment for the Whites. *Page 7 
 {¶ 14} In a fashion similar to her first argument, Mrs. Parks makes a blanket assertion that the trial court further erred when it gave payment of the foreclosure costs first priority in distribution of the proceeds following the foreclosure sale. She maintains that this prioritization effectively orders her to pay half of the foreclosure costs that stem from a judgment lien to which she is not a party and owes no debt. Again, her two-sentence argument is unsupported by any citations to statutes or caselaw. Furthermore, her argument contradicts the statutory priority that is given to the costs of sale when property is subject to foreclosure. See, e.g., R.C. 2329.09 (providing that "[t]he exact amount of the debt, damages, and costs, *** shall be indorsed on the execution"); R.C. 2329.191(B) (providing that the costs associated with obtaining a judicial report "shall be taxed as costs in the case"); R.C. 2329.33 (outlining the debtor's right to redemption of real estate, which requires "the debtor *** deposit[] in the hands of the clerk of the court *** the amount of the judgment or decree upon which such lands were sold, with all costs"); R.C. 2329.44(A) (establishing the protocol for distribution of proceeds that remain "after satisfying the writ of execution, with interest and costs[]"). Mrs. Parks has not directed this Court to any authority supporting her belief that the foreclosure costs should be apportioned solely to Mr. Parks, the judgment debtor. Accordingly, we consider her argument without merit. See App. R. 16(A)(7).
 {¶ 15} Mrs. Parks has failed to meet her reciprocal Dresher burden of demonstrating to this Court that the trial court erred as a matter of law in granting summary judgment in favor of the Whites. Accordingly, the Parks' sole assignment of error is overruled.
 III {¶ 16} The Parks' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed. *Page 8 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
SLABY, J. MOORE, P. J. CONCUR
[1] That judgment was affirmed on appeal to this Court. See White v.Artistic Pools, Inc., 9th Dist. No. 24041, 2009-Ohio-443.
[2] The Whites also named Third Federal Savings Loan Assoc. of Cleveland ("Third Federal") as a defendant to the suit because it holds a promissory note and mortgage on the Parks' real estate. Third Federal filed a cross claim against the Parks asserting its priority lean. The trial court ordered Third Federal paid as a priority lienholder. Thus, Third Federal is not a party to this appeal. *Page 1