EASTERLY ET AL., APPELLANTS, *v.* BURKETT ET AL., APPELLEES.

(No. L-81-347—Decided April 16, 1982.)

*Mr. C. Allen McConnell,* for appellants.

*Mr. Ron Rimelspach* and *Mr. James S. Adray,* for appellees.

*Per Curiam.* The appeal herein is from a judgment entered in the Court of Common Pleas of Lucas County whereby summary judgment was granted on behalf of all defendants. Two assignments of error are alleged, as follows:

"First assignment of error:

"Defendants, Reynolds Real Estate Company and Erwin Gerharter are not entitled to summary judgment as genuine issues of material face [*sic*] exist as to whether or not they breached their fiduciary duty to plaintiffs regarding defendants, Burketts', willingness to sell their property, thereby causing plaintiffs to procure financial commitments to their detriment.

"Second assignment of error:

"The trial court erred in granting summary judgment to defendants when there is a genuine issue of material fact as to whether or not the defendants are estopped to deny the validity of the contract to purchase the real estate."

The plaintiffs-appellants, Anthony and Shawna M. Easterly, husband and wife, hereinafter referred to as the Easterlys, signed a contract to purchase a certain duplex owned jointly by James and Martha E. Burkett, husband and wife. Erwin P. Gerharter, real estate agent for Reynolds Real Estate Company, submitted the offer to purchase to the Burketts. The offer to purchase was signed by James Burkett, but was not signed by his wife, Martha. An additional provision was added to the offer to purchase before its acceptance by James Burkett, to wit, "contingent upon seller finding suitable apartment." It is undisputed that the Easterlys acknowledge this addition to the offer to purchase and the same became part of the agreement.

Where a prospective purchaser of real estate alleges that a real estate company and its agent improperly executed an offer to purchase and gave misleading professional advice, the prospective purchaser relying thereon to his detriment, summary judgment in favor of the real estate company as defendant is improper where there are genuine issues of material fact to be resolved.

In the well-written decision and judgment entry at the trial level, the Honorable Melvin L. Resnick made the following statement which is adopted by this court on appeal:

"The agreement in question is clear on its face that closing was 'contingent upon seller finding [a] suitable apartment.' Since the parties all agreed to this provision, it became a condition precedent that had to be performed before the agreement would become enforceable. See, e.g., Mumaw v. Western & Southern Life Ins. Co., 97 Ohio St. 1 (1917); Good v. Robinson, 85 Ohio App. 91 (Van Wert Cty. 1949). James Burkett's deposition and the affidavit of Mr. Gerharter, which have not been rebutted by the plaintiffs, make it clear that this condition was never satisfied. Thus, reasonable minds could only conclude that the agreement to purchase never became enforceable and that plaintiffs could not bring suit based on such an unenforceable agreement."

Applying this reasoning of the trial court as to the defendants-appellees, the Burketts, we find neither assignment of error well-taken. Actually, the first assignment of error is applicable only to the defendants-appellees Reynolds Real Estate Company and Erwin P. Gerharter. Furthermore, as to Martha E. Burkett, there was no contract in that admittedly she did not sign the same. Furthermore, any question of her ability to sign was resolved by the fact that the record contains her signed affidavit. As to the Burketts, the judgment of the trial court is affirmed.

As to the defendants-appellees, Reynolds Real Estate Company and Erwin P. Gerharter, we determine that the first assignment of error is well-taken. This assignment of error addresses itself to whether or not these defendants-appellees breached a fiduciary duty to the Easterlys, thereby causing them to procure financial commitments to their detriment. Construing the pleadings and the depositions and affidavits favorably to the Easterlys, we determine that a question of fact does exist as to whether or not a judgment could be entered against them. In this regard, it is noted that one paragraph of the complaint states as follows:

"Plaintiffs further say that due to the professional advice given to them by the Reynolds Real Estate Company and its Agent, Erwin P. Gerharter and his failure to require the purchase offer to be properly executed, they are jointly and severally and are liable for any and all expenses incurred by the plaintiffs, and the failure of the defendants, James Burkett and Martha E. Burkett, to perform specifically under the contract."

Even though there was no enforceable contract, the above allegations in the complaint of the Easterlys are sufficient to state a cause of action and questions of fact do exist. Even though Gerharter knew that Martha E. Burkett had not accepted the offer to purchase and knew of the condition precedent as added to the original offer to purchase, he advised the Easterlys to go forward and apply for a loan, which was necessary to secure the purchase price for the premises. Under these circumstances, this court cannot state as a matter of law that Gerharter and his principal, Reynolds Real Estate Company, owed no duty to the Easterlys upon which a claim could be made.

On consideration whereof, the judgment of the Court of Common Pleas of Lucas County is affirmed as to the defendants James and Martha E. Burkett. As

to Reynolds Real Estate Company and Erwin P. Gerharter, the judgment of the trial court is reversed and the cause is remanded for further proceedings according to law. No costs are assessed against the Burketts. The costs are to be assessed as to the other parties herein upon final determination of the cause.

*Judgment accordingly.*

CONNORS, P.J., BARBER and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.