ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
Plaintiffs-appellants Bernard Levy and Norman Levy ("appellants") appeal the judgment entered in Cuyahoga County Common Pleas Court in favor of defendant-appellee M. Ali Tirgan ("appellee") in their action by which they requested the court to order specific performance on a contract for the sale of certain commercial real estate and for their claim for damages as the result of Tirgan's alleged breach of this contract of sale. We find no error and affirm.
The record demonstrates the following facts. On June 9, 1997, appellants accepted appellee's offer to purchase a commercial building in Chester Township for $325,000. The agreement contained a financing clause which required appellee to make a signed application for financing in good faith within five days, requiring a commitment of financing within twenty days and an environmental contingency clause which stated that "purchase is subject to Purchaser's satisfactory environmental inspection of the property." The agreement stipulated that the transaction was to close on or about July 1, 1997.
On June 23, appellee received preliminary financing approval from Park View Federal Savings Bank which was conditioned upon, among other things. Park View's satisfaction with the results of an environmental audit to be furnished to Park View by appellee at his own cost. The parties evidenced an implicit agreement to extend the time for closing by their continued actions to further consummate the agreement. Appellee retained CRM Environmental Services to conduct this requested environmental assessment and on August 5, 1997, CRM submitted its report to appellee and his lender, Park View. Upon receipt of the report, by letter of August 7, Park View informed appellee of four areas noted in the report which needed to be addressed "prior to the completion of the mortgage on the subject property" as follows:
 1) There are several open and unlabeled drums on the east side of the building which must be removed from the property and disposed of in a proper manner.
 2) The abandoned tractor-trailers and other debris are to be removed from the premises.
 3) A proper well test performed [sic] or a copy of a recent test, to determine that the well water is in compliance with USEPA Safe Drinking Water Act.
 4) Repair of thermal system pipe wrap insulation located near the entrance to the shipping docks. This maybe [sic] asbestos material and is to be repaired by a licensed asbestos abatement contractor.
On August 11, appellee notified appellants' real estate agent of the bank's requirement so that "[they] can go ahead with the planned contract and obtain the mortgage loan." On September 15, Park View Savings notified appellee that the loan commitment on the property had expired on August 29 since he had been unable to complete the transaction by that date. That day, appellee notified appellants of his withdrawal from further action regarding the purchase of the property due to: 1) the expiration of the purchase agreement; 2) the expiration of the bank's loan commitment; and 3) appellants' failure to produce a satisfactory EPA compliance as noted in the environmental inspection. Appellee was further informed by Park View that if he wished to continue with the transaction he would be required to reapply at the bank at its then current rate and terms.
On October 15, 1997, appellants initiated the within action requesting specific performance requiring appellee to purchase the property for $325,000 and seeking damages for appellee's alleged breach of the contract. On September 25, 1998, arbitration was held and a unanimous finding was entered in favor of appellee. Appellants appealed the report and award of the arbitrators denovo. Thereafter, appellee, with leave of court, moved for summary judgment. On April 7, 1999, after briefing by the parties, the trial court granted the judgment in favor of appellee. Appellants timely appeal and assert one assignment of error as follows:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS THERE EXISTED GENUINE ISSUES OF MATERIAL FACT, AND BECAUSE THE DEFENDANTS WERE [SIC] NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
In their sole assignment of error, appellants challenge the the trial court's granting of appellee's motion for summary judgment asserting that issues of fact exist as to whether appellee acted in good faith in obtaining financing and whether appellants' efforts to remedy the environmental concerns were made both timely and in good faith. Moreover, appellants argue that as a matter of law appellee did not have the unilateral right to terminate the contract because the contract did not specify that "time was of the essence."
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court applies the same test as a trial court which test is set forth in Civ.R. 56(C) which specifically provides that before summary judgment may be granted it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317,327. Moreover, it is well settled that the party, seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt (1996), 75 Ohio St.3d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359. In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." Chaney v. ClarkCty. Agricultural Soc. (1993), 90 Ohio App.3d 421. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Dresher, supra; Celotex, supra
at 322.
Our review of appellee's motion reveals that he asserted that he is entitled to judgment on the contract claims because the purchase agreement was contingent upon his receipt of a satisfactory environmental report and contingent upon his obtaining financing for the purchase and each of these contingencies were not met. We agree.
"If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co. v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322,474 N.E.2d 271. Where the parties agree to clear and unambiguous contingency provisions in a contract, the provision becomes a condition precedent that must be performed before the contract becomes enforceable. Easterly v. Burkett (1982), 6 Ohio App.3d 9.
The clauses in the contract which we find controlling stated:
 3. FINANCING: PURCHASER agrees to make signed application, in good faith, for a mortgage in an amount not greater than showing in 2C above at a lending institution of PURCHASER'S CHOICE WITHIN 5 DAYS OF ACCEPTANCE OF THIS OFFER. If commitment cannot be obtained within 20 days after the acceptance of this offer, this contract shall be null and void. * * *
 10. CONDITION OF PROPERTY: Purchaser has examined the property and agrees that the property is being purchased in its "as is" present physical condition including any defects disclosed by the SELLER. PURCHASER has not relied upon an representations[,] warranties or statements about the property (including but not limited to its condition or use) unless otherwise disclosed by the SELLER(s). * * *
 Note: Purchase is subject to Purchaser's satisfactory environmental inspection of the property [.]
The undisputed evidence in the record establishes that the purchase agreement was contingent upon appellee obtaining a satisfactory environmental report.
The record demonstrates that the environmental report was unsatisfactory. Appellants have presented no evidence to show that the environmental deficiencies were remedied prior to the expiration of the loan commitment on August 29, nor did appellants present any evidence that remediation efforts were made known either to appellee or his lender. Moreover, appellants' evidence demonstrates that the well water test was not in compliance with the USEPA Safe Drinking Water Act. As a consequence, where appellee presented evidence that he did not receive a satisfactory environmental report, a condition precedent to enforcement of the contract, even when we construe the evidence most strongly in favor of appellants, we find they have failed to set forth evidence to put this fact in dispute, thus summary judgment in favor of appellee is appropriate.
Moreover, the record reveals that the purchase agreement was contingent upon appellee using his "good faith" efforts to obtain financing for the purchase. The evidence demonstrates that appellee was able to obtain financing subject to his lender's satisfaction with the environmental issues. The lender's financing commitment expired after appellants' failure to remedy the unsatisfactory environmental issues as requested by the lender. Although appellants allege that appellee acted in "bad faith" in allowing the financing commitment to expire, appellants have presented no evidence to support this allegation. Moreover, appellants presented no evidence to demonstrate that appellee caused his lender to withdraw its financing commitment. Therefore, the contract was unenforceable because appellee was unable to obtain a financing commitment for the purchase, a condition precedent to the contract.
Consequently, although the record shows that both parties originally acquiesced to an extension of time for performance of the contract as put forth in the agreement, in this case, where appellee was unable to complete the requirements of his lender to assure the financing of the purchase due to the inaction of appellants, it cannot be said that appellee has breached the agreement.
The undisputed facts of the matter before us establish that neither the environmental contingency nor the financing contingency of the purchase agreement were satisfied. As a consequence, the agreement was not enforceable. Therefore, we find no issue of material fact is in dispute and appellee is entitled to judgment as a matter of law.
Appellants assigned error is without merit.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE