DECISION
{¶ 1} Defendant-Appellant, US I Storage, LLC dba U-Stuff-It Storage, appeals a decision by the Butler County Court of Common Pleas granting a motion to vacate judgment filed by plaintiff-appellee, Crown Property Consultants, Inc. We affirm.
 {¶ 2} On August 10, 2005, appellee filed a complaint against appellant in Middletown Municipal Court alleging breach of contract and seeking damages. Appellant filed an answer *Page 2 
on August 31, 2005 which included a counterclaim in excess of the municipal court's jurisdiction. The matter was then transferred to the Butler County Court of Common Pleas.
 {¶ 3} On December 15, 2005, appellant filed a motion for summary judgment. On January 5, 2006, appellee moved to strike the summary judgment motion on the basis that it did not receive service of the motion. Appellant filed a memorandum in opposition to the motion to strike on January 10, 2006. On April 7, 2006, appellee filed a memorandum in opposition to the motion for summary judgment. On April 14, 2006, appellant filed a motion to strike the April 7, 2006 memorandum in opposition to summary judgment on the basis that it was not timely filed.
 {¶ 4} The trial court filed a decision granting summary judgment to appellant on the complaint and the counterclaim on May 23, 2006. The decision stated, incorrectly, that appellee had not responded to the motion for summary judgment. A final judgment entry granting summary judgment on the complaint and counterclaim was filed on September 21, 2006.
 {¶ 5} On October 16, 2006, appellee filed a motion to vacate the trial court's decision and judgment entry granting summary judgment. Appellee stated that it had not received service copies of the May 23, 2006 decision granting summary judgment or the September 21, 2006 judgment entry. On December 4, 2006, the trial court filed a decision granting appellee's motion to vacate, which was construed as a motion for relief from judgment filed under Civ.R. 60 (B).
 {¶ 6} Appellant then timely filed this appeal raising the following assignment of error:
 {¶ 7} "THE TRIAL ERRED IN GRANTING THE MOTION TO VACATE THE DECISION AND FINAL APPEALABLE JUDGMENT."
 {¶ 8} Appellant presents four issues for review, all of which have been considered by this court. *Page 3 
 {¶ 9} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) that the motion is made within a reasonable time, and where the grounds for relief are pursuant to Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment from which the movant seeks relief has been filed. GTEAutomatic Electric, Inc., v. ARC Industries, Inc. (1976),47 Ohio St.2d 146.
 {¶ 10} On review, an abuse of discretion standard is applied to a trial court's decision to grant relief from judgment pursuant to Civ.R. 60(B). State ex rel. Richard v. Seidner, 76 Ohio St.3d 149,1996-Ohio-54. The term "abuse of discretion" denotes more than an error of law or judgment; it implies that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 11} Our review of the record indicates that the trial court's decision to grant the Civ.R. 60(B) motion was not an abuse of discretion. Appellee presented a meritorious defense in its April 7, 2006 memorandum in opposition to appellant's motion for summary judgment. Although appellant contends that this memorandum was not timely filed, it appears from the record that the trial court, through a magistrate, allowed appellee to respond to the motion for summary judgment out-of-time due to service issues. The basis for granting relief from the judgment was mistake or excusable neglect [Civ.R. 60(B) (1)] on the part of appellee due to its failure to timely respond to appellant's motion for summary judgment. The record supports possible service problems with respect to this motion. Finally, the motion for relief from judgment was made within one year; the judgment entry granting appellant's motion for summary judgment on the complaint and counterclaim was filed on September 1, 2006 and appellee's motion to vacate was filed on October 16, 2006.
 {¶ 12} Based upon the foregoing, the assignment of error is overruled. *Page 4 
 {¶ 13} Judgment affirmed.
 YOUNG, P.J., BRESSLER and WALSH, JJ., concur. *Page 1