[Cite as *Whitaker v. Advantage RN, L.L.C.*, 2012-Ohio-5959.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

GREGORY M. WHITAKER, :

    Plaintiff-Appellant, : CASE NO. CA2012-04-082

                                           : O P I N I O N
- vs -                                          12/17/2012

                                           :

ADVANTAGE RN, LLC, et al., :

    Defendants-Appellees. :

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVF 0900273

Gregory M. Whitaker, 7042 Cliffstone Drive, Huber Heights, Ohio 45424, plaintiff-appellant, pro se

Coolidge Wall Co., L.P.A., Richard A. Talda, 33 West First Street, Suite 600, Dayton, Ohio 45402, for defendant-appellee

**YOUNG, J.**

{¶ 1} Plaintiff-appellant, Gregory Whitaker, appeals pro se a decision of the Butler County Area III Court granting summary judgment to defendants-appellees, Advantage RN, LLC (ARN), Matthew Price, and Brandon Reynolds.[1]

{¶ 2} ARN is a company that provides travel nurses to medical institutions in the

---

1. When necessary, ARN, Price, and Reynolds will be referred collectively as appellees.

United States. Price is the President and CEO of the company. Reynolds is an employee of the company working as a travel nurse recruiter. On December 22, 2008, appellant entered into a written contract with ARN. Under the contract, appellant was to work for 13 weeks in the Intensive Care Unit (ICU) at Pitt County Memorial Hospital (Pitt Hospital) in Greenville, North Carolina. The contract stated in relevant part:

> Traveler agrees Advantage RN (ARN) will not guarantee this assignment if background check and/or drug screen is returned with any derogatory statements. Traveler understands that it is his/her responsibility to comply with the Quality Assurance standards of the assigning hospital and ARN standards to be completed and ready to be sent to assigning hospital one week prior to start of assignment or as requested by the Quality Assurance Department. If Traveler or client terminates this agreement for no fault of ARN but based on actions of the Traveler, then Traveler agrees to reimburse all contractual expenses obligations, including but not limited to the housing and transportation costs, Quality assurance costs related to this assignment.

{¶ 3} Pitt Hospital required its new nurses to pass a Performance Based Development System (PBDS) examination before being able to work for the hospital (the agreement between ARN and Pitt Hospital for appellant's travel nursing services stated, "Must pass PBDS"). ARN provided appellant with study materials and assigned two nurses to coach him for the test. Appellant took the test on January 20, 2009. Pitt Hospital advised ARN that appellant had failed the test and consequently terminated its agreement with ARN. In turn, ARN terminated its contract with appellant. Subsequently, appellant demanded that ARN reimburse him for the expenses ($1,001.96) he incurred in preparing for the assignment with Pitt Hospital and in traveling to North Carolina to take the test. ARN rejected his demand.

{¶ 4} In February 2009, appellant filed a claim in the Butler County Area III Court, Small Claims Division, seeking $1,001.96 in damages. Following the transfer of the case to the court's regular civil docket, appellant filed an amended complaint alleging breach of

contract, misrepresentation, and fraud, and seeking $12,168 in damages. In January 2010, appellees moved for summary judgment; six months later, appellant moved for summary judgment.

{¶ 5} On September 23, 2010, the magistrate denied the parties' motions for summary judgment on the breach of contract claim, granted summary judgment in favor of appellees with regard to misrepresentation and fraud, and dismissed Price and Reynolds as individual defendants. Specifically, the magistrate found that (1) as employees of the company, Price and Reynolds were acting within their scope of employment and thus, could not be personally liable on the contract, and (2) there was insufficient evidence of misrepresentation or fraud.

{¶ 6} With regard to the breach of contract claim, the magistrate denied the motions for summary judgment on the grounds neither party had direct evidence of the test results; further, the testimony of Price and Reynolds that appellant failed the test constituted inadmissible hearsay. Finding it was imperative that direct evidence of the test results be presented, the magistrate allowed the parties to supplement their summary judgment motions to provide such evidence. Subsequently, in response to an interrogatory propounded by appellant, Pitt Hospital stated that with regard to the PBDS test, appellant "[d]id not meet expectation for problem management."

{¶ 7} Based on Pitt Hospital's answers to interrogatories, appellant moved to vacate the magistrate's September 23, 2010 entry with regard to the misrepresentation claim. Appellant argued that (1) the PBDS test he took was not a pass/fail test, (2) ARN did not pay for the test, (3) appellant was given the wrong materials to study and was coached on the wrong subject (a Med/Surg PBDS exam rather than an ICU PBDS exam), and (4) these issues were misrepresented by appellees. On August 24, 2011, the magistrate denied appellant's motion:

The Court is of the opinion from the answers provided by the hospital that [the] hospital did not believe the Plaintiff was a qualified candidate for their position. It was indicated that the Plaintiff did not meet the qualifications the hospital wanted. Regardless of the other positions, the Court finds that the hospital made the determination not to hire, that the Defendants had nothing to do with it nor did they misrepresent their position. Whether they believe it was a pass/fail test, it obviously would qualify as such a test in the Court's opinion. The Court wonders what possible motives the Defendants would have in misrepresenting or interfering with the Plaintiff's employment.

Thus, the Court finds that there are no genuine issues of material fact which the Plaintiff can establish as listed in his Complaint and hereby rules in favor of the Defendants on the Motion for Summary Judgment and against the Plaintiff on the Motion to Vacate.

{¶ 8} Appellant filed objections to the magistrate's foregoing entry. Appellant argued that because the PBDS test was not a pass/fail test, there was no proof he actually failed the test. In addition, he had met all of ARN standards and was qualified to work as an ICU nurse in North Carolina. Thus, ARN breached its contract with appellant when it terminated the contract. Appellant also argued that Price and Reynolds were liable for misrepresentation.

{¶ 9} On November 8, 2011, the trial court overruled appellant's objections, overruled his motion for summary judgment, and granted summary judgment in favor of appellees on all issues:

The contract [between ARN and appellant] was quite clear that it was incumbent upon Whitaker to meet the standards promulgated by [Pitt Hospital] before he could be hired by that hospital. The record is clear that Whitaker did not meet the appropriate standards issued by the hospital, whether those standards are characterized as "pass/fail" or some other indication that Whitaker was not suitable to be hired by the hospital. The mere fact that Whitaker may have been a licensed registered nurse in North Carolina is insufficient to require the hospital to hire him when he did not measure up to their standards. In any event, ARN has no control over the hospital's hiring process, and the contract was clear that it was Whitaker's "responsibility to comply with the Quality Assurance standards of the assigning hospital."

- 4 -

ARN is entitled to summary judgment because Whitaker did not meet the specified standards promulgated by Pitt. His failure to meet those standards relieved ARN of any obligation it may have had towards Whitaker under the contract. Further, there is no evidence that [Price and Reynolds] were ever acting outside the scope of their employment in their contacts with Whitaker. As such, they cannot have personal liability under the contract.

{¶ 10} Appellees subsequently moved for an award of attorney fees and costs. Appellant then appealed the trial court's November 8, 2011 entry. On February 6, 2012, this court dismissed the appeal. *Whitaker v. Advantage RN, LLC*, 12th Dist. No. CA2011-12-226 (Feb. 6, 2012). We found that because there were remaining outstanding issues (appellees' motion for attorney fees and costs), the trial court's November 8, 2011 entry was not a final appealable order. *Id.* Appellant subsequently moved to renew his amended complaint and previously filed motions. He also filed a second motion for summary judgment.

{¶ 11} On March 13, 2012, the trial court denied appellees' motion for attorney fees and costs, summarily granted summary judgment to appellees on the underlying complaint, and dismissed the complaint.

{¶ 12} Appellant appeals, raising three assignments of error. The issue on appeal is whether appellant satisfied the condition precedent set forth in his contract with ARN that he comply with Pitt Hospital's Quality Assurance standards.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT. [sic]

{¶ 15} Appellant argues the trial court erred in granting summary judgment to appellees on his breach of contract claim. Specifically, appellant asserts that because (1) Price's affidavit conflicts with his deposition as to whether he knew the test results, (2) Reynolds improperly held himself out as a registered nurse in his answers to interrogatories, (3) Pitt Hospital's answers to interrogatories clearly show the test was not a pass/fail test, and

(4) the test results as provided by Pitt Hospital's answers are inadmissible hearsay, there is a genuine issue of material fact as to whether he met the condition precedent in his contract with ARN.

{¶ 16} This court reviews summary judgment decisions de novo, that is, we review the trial court's judgment independently and without deference to its determination. *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). Summary judgment is appropriate under Civ. R. 56 when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998).

{¶ 17} The party moving for summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996); *Scovanner v. Ohio Valley Voices*, 12th Dist. No. CA2012-02-017, 2012-Ohio-3629, ¶ 12; Civ.R.56(E).

{¶ 18} A condition precedent is an act or event that must occur before the agreement of the parties become operative. *Webb v. Pewano, Ltd.*, 12th Dist. Nos. CA2008-10-036, CA2008-12-042, 2009-Ohio-2629, ¶ 15. If a condition precedent is not fulfilled, the agreement is not enforceable against either party and the parties are excused from performing under the contract. *Id.*; *Schriever v. Burkhart*, 12th Dist. No. CA91-01-019, 1992 WL 9530, *4 (Jan. 21, 1992), citing *Easterly v. Burkett*, 6 Ohio App.3d 9 (6th Dist.1982).

{¶ 19} We begin with appellant's assertion that the test results are inadmissible

- 6 -

hearsay because they were assessed by PMS, Inc. consultants on behalf of Pitt Hospital and not by the hospital itself. App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations to authorities and statutes. Appellant fails to support this issue with any legal authority, and we therefore decline to address it. *See Wehrley v. Sunchase American, Ltd.*, 12th Dist. No. CA99-11-191, 2001 WL 88202 (Jan. 29, 2001). We also note that while he rejects the hospital's answer as to the test results on the ground it is hearsay, he nevertheless relies on that same answer to support his claim that the test was not a pass/fail test.

{¶ 20} With regard to appellant's claim that Reynolds improperly held himself out as a registered nurse in his answers to interrogatories, appellant fails to explain how this creates a genuine issue of material fact as to whether ARN breached its contract with appellant and/or whether appellant satisfied the condition precedent in the contract. We therefore decline to address this issue. *See* App.R. 16.

{¶ 21} Appellant next claims the trial court erred in granting summary judgment to appellees on his breach of contract claim because Price's affidavit conflicts with his deposition as to whether he personally knew the test results. In his January 2010 affidavit, Price stated, "Pitt Hospital advised ARN that Plaintiff Whitaker had failed the PBDS exam and thereafter terminated its agreement with ARN because of such failure." In his deposition in May 2010, Price stated that the hospital notified ARN that appellant had failed the test, the hospital did not provide the test results to ARN, and Price did not personally know the results of the test.

{¶ 22} Contrary to appellant's assertion, Price's affidavit and deposition do not conflict as to whether Price personally knew the test results. Further, the record shows that in granting summary judgment to appellees on the breach of contract claim, neither the

magistrate nor the trial court relied on Price's affidavit or deposition as to whether he personally knew the test results. Rather, the magistrate initially denied summary judgment precisely because Price's testimony was inadmissible hearsay and neither party had direct evidence of the test results. Thereafter, appellant solved the evidentiary deficiency when he submitted interrogatories to Pitt Hospital and in return, received sworn answers. Based upon the hospital's answers, the trial court granted summary judgment in favor of appellees.

{¶ 23} Finally, appellant asserts the trial court erred in granting summary judgment to appellees because Pitt Hospital's answers to interrogatories clearly show the test was not a pass/fail test. Asked, "Is the policy of [Pitt Hospital] and/or its agent to grade the * * * PBDS tests as pass/fail or as a developmental tool?" the hospital answered, "No. Assessments are rated by PMS, Inc. consultants."

{¶ 24} In its answers to interrogatories, Pitt Hospital further stated that appellant was given a PBDS assessment for ICU in January 2009, and that the results of the test were that appellant "did not meet expectation for problem management." It is undisputed that following appellant's performance on the PBDS test, the hospital did not hire him. Appellees had no control over the hospital's hiring process.

{¶ 25} The contract between appellant and ARN was clear that appellant's work assignment with Pitt Hospital was contingent upon his complying with the hospital's Quality Assurance standards, which appellant admitted in his deposition, included passing the PBDS test, the hospital's standard of care test. Because both parties signed the contract, and thus agreed to this provision, it became a condition precedent that had to be satisfied before the contract could become enforceable. Pitt Hospital's answers make it clear that this condition was never satisfied. Given the hospital's answer regarding appellant's performance on the test and the fact it did not hire appellant, it is clear that regardless of whether the test was a pass/fail test, Pitt Hospital determined appellant did not meet its standards. Thus,

reasonable minds could only conclude that the contract between appellant and ARN never became enforceable.

{¶ 26} The trial court, therefore, did not err in granting summary judgment to appellees on November 8, 2011 on the breach of contract claim. Appellant's first assignment of error is overruled.

{¶ 27} Assignment of Error No. 2:

{¶ 28} TRIAL COURT ERRED BY DENYING APPELLANT'S SECOND MOTION FOR SUMMARY JUDGMENT WITH NEW AUTHORITIES CITED [sic]

{¶ 29} Appellant argues the trial court erred in denying his second motion for summary judgment (filed after we dismissed appellant's first appeal). Appellant asserts that appellees "contributed materially to the non-occurrence of the condition precedent" by being unaware there were different PBDS exams for different nursing disciplines, by providing him with the wrong materials and the wrong coaches to study for the test, and by having him study for a Med/Surg PBDS exam when the test was in fact an ICU PBDS exam.

{¶ 30} Appellant essentially argues that the condition precedent was not satisfied because appellees prevented it from occurring. It is axiomatic that "when the enforceability of a contract 'depends upon a condition precedent, one cannot avoid his liability by making the performance of the condition precedent impossible, or by preventing it.'" *Beder v. Cleveland Browns, Inc.*, 129 Ohio App.3d 188, 196 (8th Dist.1998), quoting *Suter v. Farmers' Fertilizer Co.*, 100 Ohio St. 403, 411 (1919). If a party prevents the occurrence of a condition, the condition is excused. *See Crawford v. By Lamb Builders, Inc.*, 10th Dist. No. 93AP-282, 1993 WL 303684 (Aug. 10, 1993).

{¶ 31} Appellant claims he was prevented from passing the PBDS test because of appellees' actions described above. PBDS is a standardized quality assurance test designed to assess nurses' performance capacity and critical thinking. The test evaluates the capacity

of clinical staff to perform patient care in a safe, effective, and efficient manner.

{¶ 32} Evidence submitted by the parties with their motions for summary judgment shows that appellant received his Bachelor's nursing degree in 1993, is a certified Emergency Room (ER) nurse, and has worked as an ICU nurse. In December 2008, appellant had a two-hour telephone interview with a Pitt Hospital manager during which they went over the job description and discussed what would be required of appellant in the ICU unit. During that interview, the manager inquired as to appellant's ICU experience. On December 22, 2008, appellant signed a contract with ARN to work for Pitt Hospital in its ICU unit.

{¶ 33} Appellant testified the PBDS test required by Pitt Hospital was the hospital's standard of care test, he knew he had to pass the test in order to work for Pitt Hospital, and he was assigned to work in the ICU unit at Pitt Hospital. Before appellant was coached, ARN advised him in a letter that

> PBDS is a competency validation assessment process that * * * validates the person's ability to apply critical thinking and to demonstrate safe practice patterns. This assessment is administered during the initial hospital orientation period, prior to any on-unit activities including patient care. In order to continue orientation a level of competency must be met.
>
> Agency personnel will review clinical scenarios and demonstrate, in written or typed responses, the ability to recognize clinical problems, describe anticipated medical and nursing management, rationale for actions, and recognition of events of urgency. Described below are PBDS segments that may be administered.

ARN provided appellant with study materials for the PBDS test and assigned two registered nurses to coach him in preparation for the test. ARN also provided appellant with the PBDS' company website and advised him that the website provided helpful information about the test.

{¶ 34} One of the coaches, Allen Ackley, explained in an affidavit that when coaching

a travel nurse for the PBDS test, he coaches the nurse on how to take the test, as one of the main aspects of the test is to assess the nurse's critical thinking ability. Ackley stated that he had several coaching sessions with appellant before the test, additional sessions were held after appellant arrived in North Carolina, appellant further received assistance in preparing for the test from a second PBDS coach assigned to him by ARN, and at no time did appellant tell Ackley he was or felt unprepared to take the PBDS test. Ackley also stated that appellant was initially "not open-minded to learning the process of test taking," and that during the coaching, he told Ackley he had been a nurse for 16 years, and "if he didn't know it now, he never would know it." Ackley further stated that he had personally taken the PBDS test several times for different nursing/unit assignments and nursing disciplines, each time the PBDS test was the same, and in his experience, "although the nurses being tested were segregated into nursing specialties at the testing site, all nurses were given the same PBDS test."

{¶ 35} Appellant stated in his deposition that (1) he and his coaches talked about the format of the test and what to look for with regard to this particular standard of care test, (2) he spent 40 to 60 hours preparing for the test, (3) he never told anyone he felt unprepared to take the test, and in fact felt ready to take the test, (4) on the day of the test, he and eight other nurses took the PBDS test, however, there were a Med/Surg PBDS test and an ICU PBDS test, and (5) he took the latter. Appellant asserted that because his coaches had never taken an ICU PBDS test (but had instead taken a Med/Surg PBDS test), they did not properly prepare him for the ICU PBDS test, and in fact the information he received from them was for the Med/Surg PBDS test. With regard to the study guide, appellant stated that it was a standard guide for the PBDS test. Appellant did not know whether the guide was for Med/Surg PBDS test only. By contrast, in an earlier affidavit, appellant asserted he was

provided with Med/Surg study materials.[2]

**{¶ 36}** Summary judgment is proper when, inter alia, there is no genuine issue of material fact remaining for trial. *See* Civ.R. 56(C). "Whether a genuine issue of material fact precluding summary judgment exists requires a court to answer the following inquiry: 'Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?'" *Wilson v. Maple*, 12th Dist. No. CA2005-08-075, 2006-Ohio-3536, ¶ 18, quoting *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993). Thus, the court must ask itself "'whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence upon which the jury could reasonably find for the plaintiff.'" *McCullough v. Spitzer Motor Ctr., Inc.*, 8th Dist. No. 64465, 1994 WL 24281, *4 (Jan. 27, 1994), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).

**{¶ 37}** Considering this question with respect to the instant case, we must determine the following: could a jury conclude from the foregoing evidence that appellees' actions prevented or made it impossible for appellant to pass the PBDS test, or is the evidence so one-sided that appellees are entitled to judgment as a matter of law?

**{¶ 38}** After reviewing the record and the evidence submitted by the parties, we find that the evidence is so one-sided that appellees are entitled to judgment as a matter of law.

---

2. We note that pursuant to the Ohio Supreme Court's decision in *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, the fact that appellant's affidavit is inconsistent or in contradiction with his previous deposition testimony does not create a genuine issue of material fact. In the case at bar, appellant was both a summary judgment moving party and a nonmoving party. The supreme court held that a "movant's contradictory affidavit will prevent summary judgment in that party's favor. A nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created." *Id.* at ¶ 29. As a movant, appellant cannot benefit from changing his deposition with a later sworn statement. *Id.* at ¶ 22. Further, because appellant's affidavit neither suggests he was confused at the deposition nor offers a reason for the contradiction in his prior deposition testimony, the affidavit does not create a genuine issue of material fact to defeat appellees' motion for summary judgment. *Id.* at ¶ 28.

{¶ 39} It is undisputed that under the contract between appellant and ARN, it was appellant's ultimate responsibility to take *and pass* the PBDS test in order for him to work for Pitt Hospital. As noted earlier, PBDS is a standardized quality assurance test designed to measure a nurse's performance capacity and critical thinking, that is, a nurse's ability to recognize and handle clinical problems and medical situations. We fail to see how the fact appellees were unaware there were different PBDS exams for different nursing disciplines and/or the fact they provided appellant with the wrong materials and the wrong coaches impacted his performance on the test. That is, we fail to see how appellees' actions prevented or made it impossible for appellant, a certified ER nurse with ICU experience, from demonstrating the critical thinking required by the test. In addition, appellant did not present evidence that the coaches were required to have taken the ICU PBDS test in order for them to properly coach him. Nor did he present evidence appellees guaranteed he would pass the test simply by being coached and provided study materials.

{¶ 40} Construing the foregoing evidence most strongly in favor of appellant, we find there is insufficient evidence to create a genuine issue of material fact as to whether appellees prevented or made it impossible for appellant to pass the PBDS test. The trial court therefore properly granted summary judgment in favor of appellees in its March 13, 2012 entry.

{¶ 41} Appellant's second assignment of error is overruled.

{¶ 42} Assignment of Error No. 3:

{¶ 43} TRIAL COURT ERRED BY RULING AGAINST APPELLANT'S MOTION TO VACATE ITS DECISION, ORDER AND ENTRY OF SEPTEMBER 23, 2011 [sic]

{¶ 44} Appellant argues the magistrate erred in denying his motion to vacate because (1) the record shows Price did not have direct evidence appellant failed the test, (2) appellees did not pay for the test, (3) appellees and the coaches assigned to appellant were unaware

there were different PBDS exams for different nursing disciplines, (4) appellees provided him with the wrong materials and the wrong coaches to study for the test, and (5) as a result, appellant studied for the wrong test, a Med/Surg PBDS exam, when he should have studied for an ICU PBDS exam.

{¶ 45} Appellant filed his motion to vacate the magistrate's September 2010 entry pursuant to Civ.R. 60(B). To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) he has a meritorious claim or defense to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and (3) he made the motion within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *Crown Property Consultants, Inc. v. USI Storage, L.L.C.*, 12th Dist. No. CA2006-12-322, 2007-Ohio-4736, ¶ 9.

{¶ 46} A trial court's ruling on a Civ.R. 60(B) motion is reviewed under an abuse-of-discretion standard, and thus the trial court's decision will not be reversed unless it is arbitrary, unconscionable, or unreasonable. *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. No. CA2012-01-001, 2012-Ohio-5006, ¶ 35.

{¶ 47} Appellant's arguments are merely a restatement of his arguments under his first and second assignments of error. Appellant attached to his Civ.R. 60(B) motion Pitt Hospital's answers as well as the affidavits of Price and Ackley. The magistrate denied the motion to vacate on the ground appellant did not and could not establish the existence of a genuine triable issue. Given our analysis and holding under appellant's first and second assignments of error, we find that appellant failed to demonstrate he was entitled to relief under Civ.R. 60(B). The denial of his motion to vacate was therefore not an abuse of discretion and was proper.

{¶ 48} Appellant's third assignment of error is overruled.

{¶ 49} Judgment affirmed.


RINGLAND, P.J., and PIPER, J., concur.



Young, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.