[Cite as *New Falls Corp. v. Pierson*, 2014-Ohio-567.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

NEW FALLS CORPORATION,                    :

    Plaintiff-Appellee,                    :             CASE NO.   CA2013-03-023

                                             :                  O P I N I O N
    - vs -                                                                        2/18/2014

                                              :

MICHAEL PIERSON, et al.,                    :

    Defendants-Appellants.                    :

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CVE 1795

Joseph D. Datchuk, 100 North Center Street, Newton Falls, Ohio 44444-1321, for plaintiff-appellee

Michael and Heather Pierson, 7105 Hill Station Road, Goshen, Ohio 45122, defendants-appellants, pro se

D. Vincent Faris, Clermont County Prosecuting Attorney, James G. Nichols, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for defendant, Clermont County Treasurer

       **RINGLAND, P.J.**

       **{¶ 1}**   Defendants-appellants, Michael Pierson and Heather Pierson, appeal from a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, New Falls Corporation.  For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2}  On October 26, 2011, New Falls obtained a judgment against Michael Pierson in the Clermont County Court of Common Pleas for the amount of $66,871.50, plus interest. On December 7, 2011, New Falls certified its judgment against Michael Pierson by filing a certificate of judgment, thereby obtaining a judgment lien on the Piersons' property located at 7105 Hill Station Road, in Clermont County, Ohio.

{¶ 3}  On September 12, 2012, New Falls filed a complaint seeking to foreclose on the Piersons' property and apply the proceeds of the sale to satisfy the New Falls lien.  On November 28, 2012, New Falls filed a motion for summary judgment, which the trial court granted.  The Piersons now appeal the trial court's decision, raising one assignment of error:

{¶ 4}  THE TRIAL COURT ERRED BY ISSUING SUMMARY JUDGEMENT [sic].

{¶ 5}  In their sole assignment of error, the Piersons argue the trial court erred by granting summary judgment in favor of New Falls.  The Piersons' pro se brief alleges a number of defects in the trial court's opinion, including issues with standing, fraudulent transactions of the underlying debt, as well as an allegation that the underlying debt was discharged pursuant to provisions of the Uniform Commercial Code.  We find no merit to these arguments and affirm the trial court's grant of summary judgment.

{¶ 6}  We are cognizant of Ohio's policy that cases should be decided on their merits. As such, we allow pro se litigants "reasonable leeway" in their pleadings so as to decide the issues on the merits.  *Bramel v. Lawhun*, 12th Dist. Brown No. CA98-03-006, 1998 WL 789640, *3 (Nov. 1, 1998).  However, "a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.  He is not given greater rights than represented parties, and must bear the consequences of his mistakes." *Fikri v. Best Buy Inc.*, 12th Dist. Warren No. CA2013-06-051, 2013-Ohio-4869, ¶ 11.

{¶ 7}  New Falls was granted summary judgment following a review of the record and

evidence before the trial court. Summary judgment is a procedural device used to terminate litigation and avoid a formal trial when there are no issues in a case to try. *Norris v. Ohio Standard Oil Co.*, 70 Ohio St.2d 1, 2 (1982); *Forste v. Oakview Constr., Inc.*, 12th Dist. Warren No. CA2009-05-054, 2009-Ohio-5516, ¶ 7. A trial court's decision granting summary judgment is reviewed de novo, and we review the trial court's judgment independently and without deference to its determinations. *BAC Home Loans Servicing, L.P., v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472, ¶ 11. As such, we utilize the same standard in our review that the trial court should have employed. *Hehman v. Maxim Crane Works*, 12th Dist. Butler No. CA2010-01-009, 2010-Ohio-3562, ¶ 6.

{¶ 8} Under Civ.R. 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact." Civ.R. 56(C). Accordingly, summary judgment is granted only in cases where "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Whitaker Advantage RN, L.L.C.*, 12th Dist. Butler No. CA2012-04-082, 2012-Ohio-5959, ¶ 16, quoting *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 368 (1998).

{¶ 9} The party moving for summary judgment has the initial burden of demonstrating no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107. "The nonmoving party must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7.

{¶ 10} It is well-established in Ohio that, pursuant to R.C. 2329.02, "a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts." *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA31, 2006-Ohio-4901, ¶ 19; *Denune v. Carter-Jones Lumber Co.*, 144 Ohio App.3d 266, 268-269 (2d Dist. 2001); *Fernstein v. Rogers*, 2 Ohio App.3d 96, 97-98 (10th Dist.1981). A valid lien may be enforced in several ways, including a foreclosure action on the debtor's real property. *Denune* at 269; *Toot v. Pitello*, 7th Dist. Carroll No. 05-CA-825, 2006-Ohio-4863, ¶ 26; R.C. 2329.01 ("Lands and tenements * * * and goods and chattels, not exempt by law, shall be subject to the payment of debts, and liable to be taken on execution and sold[.]").

{¶ 11} After a thorough review of the record, we find the trial court properly granted New Falls' motion for summary judgment. It is undisputed that New Falls obtained a judgment against Michael Pierson in the amount of $66,871.50, plus interest on October 26, 2011. That judgment was subsequently converted into a judgment lien upon the filing of the certificate of judgment with the court on December 7, 2011. As such, New Falls is properly classified as a judgment creditor that holds a lien on the Piersons' property.

{¶ 12} It is also undisputed that Michael Pierson has not satisfied the judgment owed to New Falls. In an affidavit attached to New Falls' motion for summary judgment, Jeanne Isler, a records custodian for New Falls averred that, as of November 26, 2012, the entire principal amount of the judgment was still due and owing, along with unpaid interest that has continued to accrue. Michael Pierson offered no evidence to the contrary. The record, therefore, clearly shows that New Falls was a proper judgment creditor in these proceedings and was entitled to enforce its rights through a foreclosure proceeding. Since the Piersons have failed to offer any evidence in dispute, the Piersons have not shown that a genuine, triable issue of material fact exists.

{¶ 13} Despite this, the Piersons make a number of disjointed arguments contesting

New Falls' foreclosure action. For example, the Piersons initially argue New Falls does not have standing because "New Falls Corporation is not the Holder in Due Course of the Original Wet Ink Signed Promissory Note and Mortgage Contract and the Original Judgment is void on its face by the filing of false statements." In addition, the Piersons argue New Falls had absolutely no rights in the property because of a document signed by Fifth Third Bank on September 2, 2008, titled "Rescission of Assignment of Open-End Mortgage," which purports to void an assignment of the Piersons' property from Fifth Third Bank to New Falls. The Piersons' arguments are without merit based on the doctrine of res judicata.

{¶ 14} The doctrine of res judicata generally prohibits a party from re-litigating "a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Faierman v. Conrad*, 12th Dist. Butler Nos. CA2003-10-271, CA2003-10-272, 2004-Ohio-6319, ¶ 16, quoting *State ex rel. Kroger Co. v. Indus. Comm. Of Ohio*, 80 Ohio St.3d 649, 651 (1998). "Where there is a valid, final judgment rendered upon the merits, res judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 279 (1995), syllabus. In other words, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *National Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). In essence, the doctrine of res judicata "requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *State ex rel. Hartman v. Tetrault*, 12th Dist. Clermont No. CA2012-03-021, 2012-Ohio-4646, ¶ 17, quoting *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000).

{¶ 15} In the present case, any issues regarding the validity of the underlying debt should have been raised in the underlying action in which New Falls obtained the $66,871.50

judgment against Michael Pierson, and cannot now be raised in an attempt to re-litigate those same issues. This foreclosure action was instituted by New Falls because Michael Pierson had not satisfied the underlying judgment. As noted above, New Falls is a judgment creditor that attached a lien on the Piersons' property by filing a certificate of judgment with the clerk of courts. Since that judgment remains unsatisfied, New Falls instituted these foreclosure proceedings. The matter presently before the court does not involve a promissory note, mortgage contract, or a purported rescission of a mortgage interest. All of those arguments should have been raised in the original action, which gave rise to the judgment lien presently before this court. As a judgment creditor, New Falls can enforce its rights through a foreclosure action. The Piersons' argument to the contrary is not well-taken.

{¶ 16} The Piersons also contend that various provisions of the UCC operate to discharge the debt owed to New Falls. In essence, the Piersons allege the underlying debt was discharged pursuant to UCC 3-603 when the Piersons "tendered" a quitclaim deed to New Falls in order to satisfy the judgment lien held by New Falls. Although the record does not clearly reflect the Piersons' position, it appears that the Piersons allege that they offered or attempted to transfer a quitclaim deed in their property to New Falls in exchange for a dismissal of the present lawsuit. Since New Falls apparently did not accept this offer, the Piersons argue they are now relieved of any liability to pay.

{¶ 17} The Piersons' argument is without merit. Article 3 of the UCC does not apply in the present case as Article 3 only involves negotiable instruments. *See* UCC 3-102; R.C. 1303.02. In particular, UCC 3-603 involves the discharge of obligations owed by an "indorser or accommodation party having a right of recourse." Since this case involves a complaint for foreclosure caused by Michael Pierson's failure to satisfy a judgment lien on the Piersons' real property, those provisions are inapplicable. This foreclosure action does not involve a negotiable instrument. The Piersons were not relieved of their liability to pay their debts

based on the making of a settlement offer. *See Artisan Mechanical, Inc. v. Beiser*, 12th Dist. Butler No. CA2010-02-039, 2010-Ohio-5427, ¶ 25 (a "settlement agreement is a contract designed to terminate a claim by preventing or ending litigation").

{¶ 18} Finally, appellants' brief asserts the trial court's grant of summary judgment should be reversed because Heather Pierson has a "dower" interest in the property.[1] Although not a model of clarity, appellants' brief argues:

> Heather Pierson's Dower's [sic] rights under Ohio Revised Code 2329.66(A)(1)(b) were not calculated into the amount that which could be foreclosed or the amount which would be exempted, as this is Heather Pierson's residence and she has Dower's [sic] interest in the Property. The exemption is $125,000.00 therefore the property should be exempt from a foreclosure action.

{¶ 19} In granting summary judgment, the trial court found that the Piersons were the record titleholders of the property as survivorship tenants. The trial court further found "by virtue of the Judgment Lien and O.R.C. 5302.20, Defendants Michael Pierson and Heather Pierson each own an undivided one-half interest in the Property as tenants in common." After finding that New Falls held a valid lien on the property, the trial court entered a decree in foreclosure and ordered the sale of the Piersons' property.

{¶ 20} As previously noted, we find no error in the trial court's judgment. Pursuant to R.C. 5302.20(C)(4) "upon a determination by the court that a [creditor] has a valid lien against the interest of a survivorship tenant, the title to the real property ceases to be a survivorship tenancy and becomes a tenancy in common[,] * * * [and] [t]he court then may order the sale of the fractional interest of the lien debtor or debtors as on execution, and the proceeds of the sale shall be applied to pay the lien creditors in the order of their priority."

{¶ 21} The record clearly demonstrates that Michael and Heather Pierson were the

---

1. We note that appellants failed to present any evidence in the trial court regarding the issue of "dower" or the homestead exemption under R.C. 2329.66(A)(1)(b). Nevertheless, we will address the merits of appellants' argument.

record title owners of the property as survivorship tenants. Because of the valid lien held by New Falls, the trial court also correctly determined that the survivorship tenancy became a tenancy in common pursuant to R.C. 5302.20. Since the judgment lien remained unsatisfied, the trial court could properly order the sale of the property. *White v. Parks*, 9th Dist. Summit No. 24391, 2009-Ohio-703, ¶ 12 ("[t]he language of R.C. 5302.20[C][4] does not prohibit the sale of the non-debtor's fractional interest").

{¶ 22} Furthermore, although appellants seem to confuse two separate points of law, we also acknowledge that the trial court's grant of summary judgment to New Falls would not affect any potential homestead exemptions held by Heather Pierson.[2] Indeed, as noted by other Ohio appellate courts, "the statute contemplates the [homestead exemption] issue being raised after judgment has been rendered." *Gale v. Ficke*, 8th Dist. Cuyahoga No. 80716, 2002-Ohio-4030, ¶7. In other words, "the debtor's right to exercise the homestead exemption is determined as of the date of execution, garnishment, attachment, or sale of the subject property." *Adkins v. Massie*, 4th Dist. Lawrence No. 99CA18, 2001-Ohio-2448, 2001 WL 803031, *3. Accordingly, "a homestead exemption is not effective until there is an involuntary execution that subjects the property to judicial sale." *Id.* Therefore, any issue relating to a purported homestead exemption does not alter our summary judgment analysis.

{¶ 23} Since the trial court did not err in granting New Falls' motion for summary judgment, the Piersons' sole assignment of error is overruled.

---

2. As a point of clarification, we also note that appellants' brief improperly used the term "dower" interest to describe Heather Pierson's interest in the property pursuant to R.C. 2329.66(A)(1)(b), which deals exclusively with the homestead exemption. However, the provisions for dower interests can be found in R.C. Chapter 2103. A dower interest is "an interest in real estate that is intended to protect a *non-title-holding spouse*." (Emphasis added.) *Standard Federal Bank v. Staff*, 168 Ohio App.3d 14, 19, 2006-Ohio-3601 (1st Dist.); *SFJV 2005, L.L.C. v. Ream*, 187 Ohio App. 3d 715, 723, 2010-Ohio-1615, (2d Dist.). We mention this because, although not specifically referenced by either side, any alleged "dower" rights held by Heather Pierson under R.C. Chapter 2103 would not prevent New Falls from foreclosing on the property. *See* R.C. 2103.041 ("In any action involving the judicial sale of real property for the purpose of satisfying the claims of creditors of an owner of an interest in the property, the dower interest of the spouse * * * may be subjected to the sale without the consent of the spouse"); *Deutsche Bank Trust Co. Ams. v. Smith*, 8th Dist. Cuyahoga No. 89738, 2008-Ohio-2778.

{¶ **24**}  Judgment affirmed.


PIPER and M. POWELL, JJ., concur.